■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS ROYCE, III, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered July 11, 1986, upon a verdict convicting defendant of the crime of arson in the second degree.

Defendant was charged in a single-count indictment with arson in the second degree, relating to a fire at 115 College Avenue in the City of Elmira, Chemung County, on January 25, 1986. The record shows that defendant, who had escaped from Elmira Psychiatric Center, spent the preceding night in the second-floor apartment of Dennis Rounds. When Rounds discovered the fire in his kitchen the next morning, defendant had already vacated the premises. Later that day, defendant signed a written confession at the Elmira City Police Department. Defendant's motion to suppress the statement was

denied and he was convicted as charged following a jury trial. An indeterminate sentence of 8⅓ to 25 years' imprisonment was imposed.

On this appeal, defendant principally maintains that the People failed to establish a knowing and intelligent waiver of his *Miranda* rights. Initially, we observe that in his brief defendant does not challenge the denial of his suppression motion, but urges that the trial evidence failed to sustain a viable waiver. In any event, County Court concluded that the People satisfied their burden of establishing a knowing and intelligent waiver beyond a reasonable doubt and we perceive no basis to disturb this ruling *(see, People v Shields,* 125 AD2d 863, *lv denied* 69 NY2d 955; *People v Love,* 85 AD2d 799, *affd* 57 NY2d 998). At trial the prosecution introduced testimony from the interrogating officer that defendant understood the *Miranda* warnings rendered, read the warnings out loud and voluntarily signed the written waiver form after first initialing each specific warning. The interrogation lasted approximately 30 minutes, with no hint of coercion. Defendant, nonetheless, maintains that he was mentally incapable of waiving his constitutional rights, and emphasizes the testimony of Dr. David McGeorge, a clinical psychologist, who opined that defendant was, in fact, incapable of understanding or waiving these rights. In rebuttal the People produced Dr. Donald Lynn, the admitting physician at Elmira Psychiatric Center when defendant entered that facility on December 19, 1985. Dr. Lynn testified that defendant was informed of and comprehended his rights as a patient at the time of admittance, but did not render an opinion as to defendant's mental capacity to waive his *Miranda* rights.* Considering the foregoing, we find that the question of whether defendant was mentally capable of waiving his *Miranda* rights was one of fact for the jury to resolve, and they were charged accordingly *(see, People v Krom,* 91 AD2d 39, 43, *affd* 61 NY2d 187). The jury was free to accept or reject the expert testimony presented *(see, People v Levan,* 85 AD2d 779, 781; *People v Bell,* 64 AD2d 785). Viewed in total, we find ample basis for the jury's evident conclusion that a viable waiver was established.

Finally, given the fact that defendant knew the apartment house was occupied and yet deliberately set the fire, we perceive no abuse of discretion in the maximum sentence imposed *(see,* Penal Law § 70.02 [3] [a]; [4]).

---

* Dr. Lynn did render an affirmative opinion at the suppression hearing, but was precluded from doing so at trial.

Judgment affirmed. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.