■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR LEA, Appellant.—Casey, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered July 10, 1987, upon a verdict convicting defendant of the crime of sodomy in the first degree.

Defendant, a 65-year-old man, was charged in a two-count indictment, with the crime of sodomy in the first degree (Penal Law § 130.50 [1], [3]). The indictment stemmed from an incident which occurred during the month of March 1986 at a motel where defendant was employed as a night clerk. The victim, 10 years old at the time, was the grandson of defendant's wife and was staying overnight at the motel, as he and his brothers and sisters did occasionally. While the victim was taking a bath, defendant was alleged to have committed fellatio upon him. At trial, County Court submitted only the count charging a violation of Penal Law § 130.50 (3) to the jury, and upon a finding of guilty on that charge, defendant was sentenced to an indeterminate prison term of 4 to 12 years.

On this appeal, defendant argues chiefly that County Court erred in permitting his confession to be admitted into evidence. Defendant contends that his poor eyesight prevented him from reading the statement that was obtained by State Police Investigator Robert Steadman at the State Police barracks, and that the atmosphere in the interrogation room where defendant, 5 feet 4 inches tall, was being questioned by an investigator who was 6 feet 6 inches tall precluded the confession from being voluntary, since defendant was elderly, susceptible to the wishes of others and not in particularly good health at the time. We disagree with this contention.

It is undisputed that defendant was not physically or mentally abused in any way by the investigator. Two suppression

hearings were held relative to defendant's statement. In the first, held on September 25, 1986, the totality of the circumstances revealed that defendant had been fully and fairly informed of his *Miranda* rights and had voluntarily waived those rights. County Court ruled the statement admissible. Thereafter, on March 16, 1987, a second hearing was held on the question of defendant's ability to read his statement. Crediting the testimony of Investigator Steadman, County Court ruled that defendant had read it and understood it. At trial, the statement was submitted to the jury with a charge that was eminently fair, for it instructed the jury that they not only had to find defendant's statement voluntary beyond a reasonable doubt, but also had to find the statement truthful before it could be credited.

However, defendant's attack on the voluntariness of his statement does not end here. He further argues that County Court committed reversible error in refusing to permit the testimony of Dr. Henry Camperlengo, a psychiatrist, from being introduced at trial. Although defendant had made no pretrial motion directed to his mental state relating to his culpability for the crime, or to his fitness to proceed to trial, he attempted to offer the testimony of Camperlengo as an expert to show defendant's mental condition at the time of the taking of his statement. After hearing defendant's offer of proof, County Court refused to allow the testimony. We agree. According to defendant's offer of proof, Camperlengo was not going to testify as to any mental disease, defect or condition which rendered defendant incapable of understanding or waiving his constitutional rights or incapable of making a voluntary confession. Rather, Camperlengo would have testified that defendant's personality was such that he was deferential to the wishes and attitudes of others, making it more likely that defendant was intimidated by the atmosphere in the interrogation room. In our view, this evidence was neither relevant nor necessary to the issue of the voluntariness of defendant's statement *(see, People v Lewis,* 103 Misc 2d 881, 885).* While defendant's mental condition at the time of the confession would be a relevant factor in determining voluntariness *(see, People v Royce,* 137 AD2d 931, 932, *lv denied* 72 NY2d 866), we conclude that expert proof concerning the nature of defendant's personality in general is not sufficiently relevant to outweigh the confusion that would be created by interjecting a collateral issue *(see, People v Donohue,* 123 AD2d 77, 79-80, *lv denied* 69 NY2d 879 [where the court rejected an offer of expert proof that defendant was an alco-

holic on the issue of his ability to form the necessary intent to commit the crime]). The proposed expert opinion that defendant's personality made it more likely that he was intimidated during the course of the interrogation is also lacking in the degree of certainty which would give it probative force (see, People v Miller, 116 AD2d 595).

Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.