■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY EMERY, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of two counts of first degree sodomy of the 11-year-old daughter of his girl-friend, defendant contends that the court erred in amending an allegation of the indictment to conform to the People's proof, that the court erred in allowing the child complainant to be sworn, that he was denied the effective assistance of counsel, and that the verdict was against the weight of the evidence.

The court did not err in amending the indictment. The court is empowered by statute to order the amendment of an indictment with respect to variances from proof relating to matters of time provided that the amendment does not change the theory of the prosecution or otherwise prejudice defendant on the merits (CPL 200.70 [1]; People v Spann, 56 NY2d 469, 473; see, People v Owens, 63 NY2d 824, 826). Here, the amendment did not change the theory of the prosecution, which was that defendant committed two specific acts of sodomy within a larger pattern of sexual abuse. In view of the fact that defendant could not have raised and did not raise an alibi defense to those charges, defendant was not prejudiced by the amendment.

The court did not err in allowing the complainant to be sworn. The court's inquiry was sufficient to establish that the complainant had the capacity to understand and adhere to an oath (CPL 60.20 [2]).

Defendant was not deprived of the effective assistance of counsel merely because he failed to make certain evidentiary objections. Moreover, there is a tactical explanation for coun-

sel's failure to seek to admit the victim's prior statement. That statement disclosed uncharged crimes committed by defendant and thus its admission would have been prejudicial.

Finally, weighing the relative probative force of the conflicting testimony and the inferences to be drawn therefrom, we cannot conclude that the "trier of fact has failed to give the evidence the weight it should be accorded" *(People v Bleakley,* 69 NY2d 490, 495). (Appeal from judgment of Supreme Court, Onondaga County, Mulroy, J.—sodomy, first degree.) Present —Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.