■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BIGDA, Appellant.—Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted on count two of the indictment. Memorandum: On review of defendant's appeal from his conviction of endangering the welfare of a child, we reject defendant's contentions that the verdict was against the weight of the evidence and that his sentence is excessive. We nonetheless reverse as a matter of our discretion in the interest of justice as a result of the variance between the proof and the indictment regarding the alleged time of the incident. Analysis begins with the constitutional provision that "[n]o person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury" (NY Const, art I, § 6; *see also,* CPL 210.05). An indictment must contain an allegation that the offense was committed on or about a designated date or during a designated period (CPL 200.50 [6]). "Proof at trial that varies from the indictment potentially compromises two of the functions of the indictment—notice to the accused and the exclusive power of the Grand Jury to determine the charges. Where defendant's right to fair notice of the charges or his right to have those charges preferred by the Grand Jury rather than by the prosecutor at trial has been violated, reversal is required" *(People v Grega,* 72 NY2d 489, 496).

Whereas the indictment alleged that the crime took place in the last week of June or first week of July 1988, the trial proof established that it took place a year earlier. Defendant was unduly prejudiced as a result of the variance. The defense was prepared to show that the crimes could not have occurred at the time alleged because defendant was then recovering from heart surgery. The defense also was prepared to show that the victim did not visit defendant's home in the summer of 1988. That defense, which might have been effective, was thwarted by the unanticipated proof that the incident allegedly occurred in 1987. Thus defendant was deprived of fair notice of the charges and of his right to have those charges determined by the Grand Jury. Although there are cases holding that time generally is not a material ingredient of an indictment, and that a time variance between the indictment and the proof is immaterial (see, People v La Marca, 3 NY2d 452, 458-459, rearg denied 4 NY2d 960; People v Jackson, 111 NY 362, 369; People v Krank, 110 NY 488, 492), those cases involve relatively minor variances, not, as in this case, a discrepancy of one year. (Appeal from Judgment of Lewis County Court, Merrell, J.—Endangering Welfare of Child.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.