■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS COOK, Appellant. [632 NYS2d 193] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered October 22, 1993, convicting him of assault in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During an altercation that was instigated by the defendant and his companions, they attempted to rob the complainant,

and the defendant cut the complainant's neck with the jagged edge of a broken glass bottle, necessitating 125 stitches. The complainant's girlfriend ran to a nearby telephone and dialed 911.

The tape recording of the telephone call to 911 was properly admitted into evidence under the excited utterance exception to the hearsay rule. The telephone call was made while the altercation was occurring. Moreover, the girlfriend's voice betrayed her concern for her boyfriend's safety and her frustration due to her perception that the operator was not reacting quickly. Thus, the remarks were not the product of studied reflection (see, People v Nieves, 67 NY2d 125; see also, People v Edwards, 47 NY2d 493).

The tape recording of a second telephone call to 911 that was made by an unidentified caller while the altercation continued was properly admitted into evidence under the present sense exception to the hearsay rule. It contained a spontaneous description of events that occurred contemporaneously with the caller's observations, and the description was sufficiently corroborated by the testimony of the other witnesses (see, People v Brown, 80 NY2d 729; cf., People v Orth, 201 AD2d 510).

We have reviewed the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Joy, Altman and Florio, JJ., concur.