■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL AGOSTO, Appellant. [670 NYS2d 463] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered March 24, 1995, convicting defendant, after a jury trial, of murder in the second degree (2 counts), assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 25 years to life, 20 years to life and 5 to 15 years on the murder and assault convictions, respectively, and a concurrent term of 5 to 15 years on the weapon possession conviction, unanimously affirmed.

The court properly denied, without a hearing, defendant's motion to set aside the verdict on the grounds of unreported juror bias, since the "moving papers do not contain sworn allegations * * * to support" (CPL 330.40 [2] [e] [ii]) the contention that a juror had a relationship with one of the shooting victims that may have influenced his role as a juror. Defendant's claimed "web" of family relationships was remote and speculative.

The trial court properly admitted a 911 tape into evidence under a theory of present sense impression, since the tape, which described parts of a continuously unfolding chain of events (*see, People v Vasquez*, 88 NY2d 561, 574), was a "spontaneous description * * * of events made substantially contemporaneously with the observations * * * [that was] sufficiently corroborated by other evidence" (*People v Brown*, 80 NY2d 729, 734). Moreover, the tape was admissible as an excited utterance (*People v Cook*, 220 AD2d 522, 523, *lv denied* 87 NY2d 899).

The court properly allowed the prosecution to use Grand Jury testimony to impeach two of its witnesses, since their trial testimony affirmatively damaged the People's case (CPL 60.35 [1]; *People v Fitzpatrick*, 40 NY2d 44, 51). One witness undermined the People's identification evidence by testifying that defendant did not resemble the assailant, and the other witness contradicted evidence introduced by the People to refute the defense of justification.

We perceive no abuse of sentencing discretion.

We have reviewed defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Rubin, Andrias and Saxe, JJ.