■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JONES, Appellant. (Appeal No. 1.) [671 NYS2d 380] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]) and two counts of sexual abuse in the first degree (Penal Law § 130.65 [1]). The verdict is supported by legally sufficient evidence and is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

County Court did not err in modifying its *Sandoval* ruling. The court initially properly allowed cross-examination of defendant with respect to his use of an alias (*see, People v Walker*, 83 NY2d 455, 461-462), and, when defendant thereafter testified falsely regarding use of the alias, the court properly modified its *Sandoval* ruling to allow questioning concerning that false testimony (*see, People v Hunter*, 235 AD2d 378, *lv denied* 89 NY2d 1094; *see also, People v Blakeney*, 88 NY2d 1011; *People v Mayea*, 226 AD2d 280, *lv denied* 88 NY2d 1022).

We reject the contention that defendant was denied his right to be present during a conference in chambers. The record establishes that, during that conference, the court directed defense counsel to submit a written application to the court before cross-examining the victim about her prior sexual conduct. Because the conference in chambers involved only a procedural matter, defendant failed to establish that he was

denied the right to be present at a material stage of the proceedings (*see, People v Velasco*, 77 NY2d 469, 472). Further, the court did not err in refusing to allow defendant to cross-examine the victim about her prior sexual conduct. Defendant failed to establish a proper foundation for such questioning (*see, People v Halbert*, 175 AD2d 88, *affd* 80 NY2d 865, *cert denied* 507 US 922).

Defendant failed to preserve for our review his contentions that the court improperly permitted opinion testimony by a physician's assistant that the victim's vaginal injury resulted from nonconsensual sexual activity and that his conviction of rape and sexual abuse is inconsistent with his acquittal of kidnaping in the second degree (*see*, CPL 470.05 [2]; *People v Alfaro*, 66 NY2d 985, 987; *People v Gonzalez*, 239 AD2d 931, *lv denied* 90 NY2d 893). In any event, those contentions lack merit.

Finally, we reject the contention that defendant was denied effective assistance of counsel. "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation," establish that defense counsel provided meaningful representation (*People v Baldi*, 54 NY2d 137, 147). (Appeal from Judgment of Monroe County Court, Marks, J.—Rape, 1st Degree.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.