■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PIKE, Appellant. [681 NYS2d 706] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of two counts of rape in the first degree (Penal Law § 130.35 [1]), one count of sodomy in the first degree (Penal Law § 130.50 [1]) and one count of rape in the third degree (Penal Law § 130.25 [2]).

Based upon the uncontested facts, County Court properly denied defendant's request for a Huntley hearing with respect to a recorded telephone conversation between defendant and the victim (see, People v Ward, 62 NY2d 816, 817-818; People v Bourdonnay, 160 AD2d 1014, 1014-1015). The victim called defendant from the police station and told him that she was calling from an acquaintance's residence. The police recorded the conversation with the victim's consent. Police may record a

telephone conversation between a defendant not in custody and the victim, with the victim's consent (*see, People v Hills,* 176 AD2d 375; *see also, People v Farruggia,* 61 NY2d 775, 777). The fact that the victim deceived defendant regarding her location is of no consequence (*see, People v McQueen,* 18 NY2d 337, 346; *People v Tankleff,* 199 AD2d 550, 553, *affd* 84 NY2d 992).

Because defendant withdrew his objection to the People's motion to amend the indictment, he may not challenge the amendment on appeal. In any event, the court properly permitted the People to amend four counts of the indictment to allege that the acts in question occurred in April 1994 rather than in April 1993 (*see,* CPL 200.70 [1]). The amendment did not change the theory of the prosecution and defendant, who did not raise an alibi defense, was not otherwise prejudiced "on the merits" (CPL 200.70 [1]; *see, People v Simmons,* 212 AD2d 643, 644, *lv denied* 85 NY2d 943; *People v Emery,* 167 AD2d 894, *lv denied* 77 NY2d 877). Although initially defendant objected that the amendment prejudiced the preparation of his defense, he did not request an adjournment to enable him to prepare a defense with respect to the amended dates.

We reject the contention that defendant was improperly excluded from a conference in chambers, during which the parties discussed the People's motion to amend the indictment. The conference involved only a question of law; thus, defendant was not denied the right to be present at a material stage of the proceedings (*see, People v Velasco,* 77 NY2d 469, 472; *People v Jones* [appeal No. 1], 249 AD2d 916).

We further reject the contention of defendant that the court improperly permitted the People to display before the jury an exhibit consisting of an enlarged copy of his one-page, typewritten statement while that statement was being read to the jury. Some of the words on the exhibit are in boldface. The court informed the jury that the words in boldface are not boldfaced in defendant's original statement, and the jury was not permitted to take the exhibit into the jury room during its deliberations. Visual aids may be used, provided that the material depicted pertains to matters in evidence (*see generally,* Prince, Richardson on Evidence § 4-211 [Farrell 11th ed]). Although it would have been better practice not to emphasize some of the words in the exhibit, the court did not abuse its discretion in permitting its use in light of the facts that the original statement was in evidence and the court carefully treated the exhibit.

The court did not improvidently exercise its discretion in denying, without a hearing, defendant's motion to set aside the

verdict on the ground of unreported juror bias. The oral application of defendant based on his unsworn allegations failed to satisfy the requirements that the motion be in writing and supported by sworn allegations (*see,* CPL 330.40 [2] [a]; *People v Thompson,* 245 AD2d 320, *lv denied* 91 NY2d 978; *People v Agosto,* 248 AD2d 301).

The contention that defendant was denied effective assistance of counsel is without merit. The evidence, the law and the circumstances of this case, "viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147; *see, People v Benevento,* 91 NY2d 708). To the extent that defendant's claims of ineffective assistance of counsel arise from matters outside the record, such claims may be raised only by a postjudgment motion under CPL article 440 (*see, People v Speed,* 226 AD2d 1090, 1091, *lv denied* 88 NY2d 969). Defendant's claim of ineffective assistance of appellate counsel is premature and should be raised in a common-law coram nobis proceeding brought in this Court (*see, People v Bachert,* 69 NY2d 593, 595-596).

In light of the nature of the crimes, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Rape, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Balio and Boehm, JJ.