[683 NYS2d 597]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS GREEN, Appellant.

Third Department, December 24, 1998

APPEARANCES OF COUNSEL

*Stephen G. Schick, Legal Aid Bureau,* Monticello, for appellant.

*Stephen F. Lungen, District Attorney* of Sullivan County, Monticello (*Thomas J. Cawley* of counsel), for respondent.

**OPINION OF THE COURT**

WHITE, J.

On this appeal, defendant has illuminated several purported procedural errors committed during trial which he claims taint his conviction of several sex-related crimes involving young boys. For the reasons that follow, we find that one of defendant's contentions has merit while the rest do not.

■ The first count of the indictment charged defendant with committing the crime of course of sexual conduct against a child in the second degree between January 1, 1993 through June 30, 1993. The indictment's third count charged that defendant committed the same crime between July 1, 1993 through January 31, 1994. Predicated upon the fact that Penal Law § 130.80 did not become effective until August 1, 1996 and was applicable only to offenses occurring on or after that date (L 1996, ch 122, § 7), defendant moved to dismiss these counts.

The People responded by cross-moving to amend the subject counts to charge the crime of sexual abuse in the first degree (*see*, CPL 200.70). County Court granted the cross motion, reasoning that the amendments did not change the theory of the case and were consistent with the proof submitted to the Grand Jury.

Under CPL 200.70 (1), amendments pertaining to matters of form, time, place, names of persons and the like which do not change the theory of the prosecution as reflected in the evidence before the Grand Jury are allowed. The statute, however, does not allow the trial court to sanction an amendment that changes the substantial elements and nature of the crime charged, thereby effectively adding an entirely new count to the indictment (*see*, *People v Perez*, 83 NY2d 269, 274). To illustrate, where the Grand Jury voted to indict the defendant on the charge of felony murder but, due to a clerical error, the indictment did not include such charge, an amendment to add it was not permitted as it was deemed a change in substance, rather than form, as it added an entirely new count to the indictment (*see*, *id.*, at 276; *see also*, *People v Chicas*, 204 AD2d 476, 477, *lv denied* 84 NY2d 906). Likewise, an amendment modifying the charge from murder in the second degree to the lesser included crime of manslaughter in the first degree after acquittal on the murder charge was precluded, as it changed the theory of the prosecution (*see*, *People v Lee*, 100 AD2d 357, 358). On the other hand, motions to amend the indictment to read " 'a quantity of heroin' " instead of " 'a quantity of cocaine' " and to change the date of the indictment have been granted (*People v Acevedo*, 215 AD2d 115, 116, *lv denied* 85 NY2d 969; *People v Bell*, 206 AD2d 686, 688, *lv denied* 84 NY2d 866).

Guided by these precedents, we conclude that the amendments permitted here are not authorized by CPL 200.70 since they resulted in an impermissible substantive change in the indictment by adding new counts that changed the theory of the prosecution. Moreover, it does not appear that the new counts were presented to or voted on by the Grand Jury. Accordingly, we shall vacate defendant's conviction of the crime of sexual abuse in the first degree under counts one and three of the amended indictment.

█ Counts seven and eight of the indictment charged defendant with having committed the crime of sodomy in the first degree "during the period August 1, 1996 through May 31, 1997". Finding this 10-month time period excessive, County

Court dismissed these counts. Upon reargument, it reinstated them upon the People's representation that the crimes occurred between August 1, 1996 and December 31, 1996. Defendant maintains that County Court should have adhered to its original decision as the People acted in bad faith and without due diligence in ascertaining the dates and times of the crimes (*see, People v Morris*, 61 NY2d 290, 296). Whether the People did so depends upon such factors as the age and intelligence of the victim, the nature of the offense or offenses, including whether they are likely to be discovered immediately, and whether there is a criminal pattern and all other surrounding circumstances (*see, People v Watt*, 81 NY2d 772, 774).

In this case, the victim was 10 years old at the time the crimes were committed. The surrounding circumstances include the fact that the crimes were not easily discoverable as they were committed when the victim was alone with defendant, his uncle, who told the victim he would harm the victim's family if he revealed the truth. In addition, as noted by County Court, even though he was asked leading questions in the Grand Jury, the victim was unable to narrow the time frame in any meaningful way. In light of these circumstances, we cannot say the People did not exercise good faith and diligence in attempting to establish the time and dates on which the crimes occurred (*see, People v Fish*, 240 AD2d 866, *lv denied* 90 NY2d 1011; *People v Gressler*, 235 AD2d 599, *lv denied* 89 NY2d 1036; *People v Watt*, 192 AD2d 65, 68-69, *affd* 84 NY2d 948).

■ Lastly, defendant challenges County Court's preclusion of the testimony of his expert, a psychologist who was prepared to offer testimony concerning defendant's interrogative suggestibility that purportedly made him susceptible to providing a false confession. When we previously considered the issue of the admissibility of expert testimony on the interrelationship between a defendant's psychological profile and the reliability of a confession, we found that such testimony was properly excluded (*see, People v Lea*, 144 AD2d 863, *lv denied* 73 NY2d 857). We reasoned that it was not sufficiently relevant to outweigh the confusion it would inject into the trial and, moreover, was lacking in the degree of certainty that would give it probative force (*id.*, at 864-865). While some Federal courts have permitted this type of testimony (*see, United States v Shay*, 57 F3d 126, 130-134; *United States v Hall*, 974 F Supp 1198, 1203-1206), they do not offer persuasive precedent since, instead of applying the *Frye* "general acceptance test" that we

apply (*see, People v Wernick*, 89 NY2d 111, 115), they followed the more liberal *Daubert* standard (*see, People v Wesley*, 83 NY2d 417, 423, n 2). Therefore, as there is nothing in the record to persuade us to depart from our holding in *People v Lea* (*supra*), we find that County Court did not abuse its discretion in rejecting defendant's proffered expert testimony (*see, People v Perry*, 251 AD2d 895).

CARDONA, P. J., MIKOLL, CREW III and YESAWICH JR., JJ., concur.

Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crimes of sexual abuse in the first degree under the first and third counts of the amended indictment; said counts of the indictment are dismissed and matter remitted to the County Court of Sullivan County for resentencing; and, as so modified, affirmed.