■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. KOURY, Appellant. [701 NYS2d 749] —Carpinello, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered November 4, 1998, upon a verdict convicting defendant of the crimes of aggravated sexual abuse in the second degree (two counts) and sexual abuse in the first degree (two counts).

On February 25, 1998 and March 9, 1998, day-care workers observed bruising in the anal area of a 2½-year-old child and consequently contacted the State child abuse and neglect hotline. During an investigation into the matter, defendant admitted to City of Troy Police Sergeant Stephen Weber that he had inappropriate sexual contact with the child on two occasions in the preceding two-week period. His oral statement was reduced to writing, which defendant then signed in the presence of Weber and another police sergeant. Defendant was thereafter indicted on two counts of aggravated sexual abuse in the second degree and two counts of sexual abuse in the first degree.

Following a *Huntley* hearing, defendant's statements were ruled admissible. At trial, defendant admitted that he had been given *Miranda* warnings prior to giving the statements, that he had waived these rights and that he had signed the written statement. He also testified that no threats were made by Weber and that he never asked for an attorney or to leave the police interview. Notwithstanding this testimony, defendant claimed that his confession was false and that he was "scared into signing it" because he gets "nervous real easy". The jury obviously rejected this testimony as he was found guilty on all four counts. Sentenced to consecutive prison terms of 7½ to 15 years on the aggravated sexual abuse counts and concurrent prison terms of 3½ to 7 years on the sexual abuse counts, defendant appeals.

Defendant first asserts that County Court erred in precluding testimony from his mother which would have called into

question the voluntariness of his statements. According to defense counsel's offer of proof, defendant's mother was prepared to "testify as to how he would react in a pressure-created situation like that he was put in" and that he is the type of person that would "cave" in such a situation. Indeed, defense counsel acknowledged that he sought to have her testify "[a]s to her opinion essentially on voluntariness".

In *People v Green* (250 AD2d 143, 146, *lv denied* 93 NY2d 873), this Court upheld the preclusion of *expert* testimony offered to establish a defendant's "interrogative suggestibility that purportedly made him susceptible to providing a false confession." Similarly, in *People v Lea* (144 AD2d 863, 864, *lv denied* 73 NY2d 857), we upheld preclusion of *expert* testimony that the defendant's "personality was such that he was deferential to the wishes and attitudes of others, making it more likely that defendant was intimidated by the atmosphere in the interrogation room." In both cases, the proposed expert opinion testimony concerning the interrelationship between the defendant's psychological profile and the reliability of his confession was excluded for two essential reasons. First, "expert proof concerning the nature of [the] defendant's personality in general is not sufficiently relevant to outweigh the confusion that would be created by interjecting a collateral issue" into the trial (*id.*, at 864; *accord, People v Green, supra*). Moreover, the proposed expert opinion was "lacking in the degree of certainty which would give it probative force" (*People v Lea, supra*, at 865; *accord, People v Green, supra*). Accordingly, the similar lay opinion of defendant's mother was properly excluded. Not only was she not competent to testify that defendant's personality made him susceptible to confess to a crime he did not commit, her lay opinion was equally, if not more, irrelevant and lacking in certainty than that of the experts at issue in *People v Lea* (*supra*) and *People v Green* (*supra*).

Defendant next claims that jury selection was improperly restricted because County Court only gave each side 15 minutes to question prospective jurors. The record does not bear out this contention. Although County Court, in its preliminary instructions to the attorneys prior to jury selection, generally earmarked 15 minutes per side after its own "extensive voir dire", it made clear that each side would be permitted to go beyond their allotted time so long as relevant and nonrepetitive questions were being asked. This was a reasonable and appropriate exercise of discretion (*see, People v Jean*, 75 NY2d 744, 745; *People v Augustine*, 235 AD2d 915, 919, *appeal*

*dismissed* 89 NY2d 1072, *lv denied* 89 NY2d 1088; *People v Dart*, 186 AD2d 905, 907, *lv denied* 81 NY2d 787). Moreover, review of the record reveals that defense counsel did not object to these preliminary guidelines, was permitted to ask appropriate questions to the panels (and did so), was permitted to question the first panel in excess of 15 minutes, was not cut off at this or any time by County Court* and never requested additional time to inquire further. Thus, defendant's claim that jury selection was improperly restricted is not only unpreserved for appellate review (*see*, CPL 470.05 [2]; *see also*, *People v Reed*, 244 AD2d 782, 783, *lv denied* 91 NY2d 896), it is also patently without merit (*see*, *People v Augustine, supra*).

Defendant further claims that he was unfairly prejudiced when the People questioned two witnesses about an August 12, 1998 Family Court proceeding in which he was involved. Not only did defense counsel open the door to this testimony during his cross-examination of the People's expert, he failed to timely object when County Court permitted the People to conduct the questioning (*see*, CPL 470.05 [2]). Any error, in any event, was harmless (*see*, *People v Crimmins*, 36 NY2d 230). Lastly, we have reviewed defendant's claims that his aggregate sentence of 15 to 30 years in prison is excessive and reject it as unpersuasive (*see*, *People v Nailor*, 268 AD2d 695).

Defendant's remaining contentions, to the extent preserved, have been reviewed and rejected as meritless.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

---

* Contrary to defendant's contentions, County Court did not specifically limit or halt his counsel's questioning during the first panel. Rather, during a question which defense counsel himself admitted was philosophical in nature, the court interrupted by stating, "[W]ell beyond fifteen minutes so let's not get philosophical". At this point, defense counsel asked one more question to the entire panel, received negative responses and then stated, "[W]ell then, ladies and gentlemen, thank you very much for your time and for your attention and I appreciate your honesty in this matter and willingness to serve". Likewise, defense counsel voluntarily ended questioning of the second panel, stating, "[T]hat is all the questions I have".