■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELROY HENDRIX, Appellant. [738 NYS2d 920] —Appeal from a judgment of Monroe County Court (Marks, J.), entered October 6, 1999, convicting defendant after a jury trial of, inter alia, robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [3]), assault in the second degree (Penal Law § 120.05 [6]), and other crimes. Contrary to the contention of defendant, he is not guaranteed the right to be present at every stage of the proceedings, and his "presence is not required where the proceeding at issue involves only questions of law or procedure" (*People v Rodriguez*, 85 NY2d 586, 591). In defendant's absence, the jury foreperson expressed apprehension concerning her responsibilities as the foreperson and questioned why she had been selected as the foreperson. County Court explained that she had been selected because she was the first juror seated and informed her that she had no more responsibility than the other jurors. That discussion involved only a procedural matter and thus defendant's presence was not required.

Contrary to defendant's contention, counts six and seven of

the indictment are sufficiently specific with respect to the time frame in which the crimes alleged therein were committed (*see, People v Morris*, 61 NY2d 290, 295). The court properly permitted the People to amend the indictment to correct a clerical error (*see, People v Kenny*, 283 AD2d 950, 950-951, *lv denied* 96 NY2d 903). Contrary to defendant's further contention, the offenses charged in the indictment were properly joinable where, as here, they "are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]). The sentence is neither unduly harsh nor severe. Defendant's remaining contentions, including those raised in the pro se supplemental brief, are not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Lawton, JJ.