(June 27, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TASH RAHEEM HARRIS, Appellant. [743 NYS2d 913] —Rose, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered November 20, 2000, upon a verdict convicting defendant of the crime of aggravated sexual abuse in the first degree.

On March 6, 2000, the five-year-old male victim reported to his mother that he had been sexually abused by defendant. The next day, a medical examination conducted by the victim's doctor found physical signs of abuse. The police then interviewed defendant, who gave a written statement admitting, among other things, that he had inserted a flashlight into the victim's rectum on two separate occasions. The ensuing indictment charged defendant with multiple counts, including two counts of aggravated sexual abuse in the first degree, occurring in January or February 2000. At trial, the People's evidence consisted primarily of defendant's confession, and the testimonies of the victim's mother and his doctor. During trial, County Court granted the People's motion to amend the indictment to include early March 2000 within the time period during which the alleged incidents occurred. The jury then found defendant guilty of one count of aggravated sexual abuse in the first degree, and acquitted him of all other charges. He now appeals, and we affirm.

Initially, we are unpersuaded by defendant's contention that County Court erred in permitting amendment of the indict-

ment to reflect that one of the incidents of sexual abuse occurred in the first few days of March 2000, rather than January or February 2000. Although a trial court should not permit an amendment that changes the nature and elements of the crimes charged (*see, People v Green,* 250 AD2d 143, 145, *lv denied* 93 NY2d 873), an indictment may be amended to change the date of the alleged offense where it will not alter the prosecution's theory of the case or prejudice the defendant on the merits (*see,* CPL 200.70 [1]; *People v Green, supra* at 145; *People v Bell,* 206 AD2d 686, 688, *lv denied* 84 NY2d 866; *People v Smith,* 153 AD2d 995, 995, *lv denied* 75 NY2d 818). Here, there was no prejudice, as County Court merely permitted the People to increase the relevant time period by less than one week as a result of the doctor's testimony that the last incident must have occurred within three to five days before his examination of the victim on March 7, 2000. Defendant remained free to argue that the time discrepancy between the testimonies of the victim's mother and doctor created a reasonable doubt as to his guilt.

Defendant also argues that the verdict was inconsistent because the jury found him guilty of the second count of first degree aggravated sexual abuse, but not guilty of all other counts. Since defendant moved unsuccessfully to have the verdict set aside on that basis, this issue is preserved for our review. It is unavailing, however, because the verdict was not inconsistent when viewed in light of County Court's charge to the jury that it must find defendant committed each count on a separate occasion (*see, People v Tucker,* 55 NY2d 1, 4; *People v Bisner,* 260 AD2d 665, 668-669, *lv denied* 93 NY2d 1014; *People v Coleman,* 120 AD2d 770, 772, *lv denied* 68 NY2d 810).

Finally, we are not persuaded that the evidence was legally insufficient to support the verdict (*see, People v Cabey,* 85 NY2d 417, 420; *see also, People v Pierce,* 266 AD2d 721, 721-722, *lv denied* 94 NY2d 951), or that the verdict is contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.