(January 30, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN J. GRIMES, Appellant. [756 NYS2d 282] —Lahtinen, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered February 1, 2000, upon a verdict convicting defendant of the crimes of rape in the first degree (three counts) and sexual abuse in the first degree.

In March 1999, after being advised of his *Miranda* rights, defendant signed a letter in the presence of police in which he admitted engaging in sexual intercourse with the victim on three occasions, beginning when she was nine years old. He was subsequently indicted on, inter alia, two counts of rape in the first degree, alleged to have occurred between October 15, 1995 and November 30, 1995, a third count of rape in the first degree, alleged to have occurred in the summer of 1996, and one count of sexual abuse in the first degree, alleged to have occurred in the summer of 1996.

During the People's case, the victim and her mother provided testimony indicating that the conduct occurred at a particular residence in the City of Troy, Rensselaer County, during 1995 and 1996, as alleged in the indictment. Defendant, who had been a live-in paramour of the victim's mother, presented proof reflecting that they had moved from the residence where the acts allegedly occurred before the end of 1995. Defendant testified at trial and maintained that he never raped or molested the victim anywhere or at any time. County Court permitted the People to present rebuttal evidence, including testimony from the victim and her mother, establishing that the conduct had, in fact, been perpetrated at the Troy residence, but had

occurred one year earlier than alleged in the indictment.* The People moved to amend the dates alleged in the indictment to change 1995 to 1994 in counts one and two, and change 1996 to 1995 in counts three and four. County Court granted the People's motion and permitted the amendment. Defendant requested an adjournment, which was granted from December 21, 1999 to January 11, 2000. Additional proof was presented by defendant following the adjournment. The jury found him guilty of three counts of rape in the first degree and one count of sexual abuse in the first degree. Defendant was sentenced to consecutive terms of incarceration of 8⅓ to 25 years on the three rape counts and 2⅓ to 7 years on the sexual abuse count, to run consecutive to the first two rape counts and concurrent to the third rape count. Defendant appeals.

Defendant argues that permitting the prosecution to amend the indictment to allege that the incidents occurred one year earlier than originally alleged was prejudicial. An indictment may be amended during trial "with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like" (CPL 200.70 [1]), so long as the amendment does not change the prosecution's theory, tend to prejudice the defendant on the merits or violate the specific prohibitions of CPL 200.70 (2) (*see* CPL 200.70; *People v Perez*, 83 NY2d 269, 274-275; *People v Green*, 250 AD2d 143, 145, *lv denied* 93 NY2d 873; *People v Leon*, 115 AD2d 907, 908). Here, defendant's statement in his confession that the victim was nine years old when his culpable conduct commenced was consistent with the victim's rebuttal testimony and the amended dates in the indictment. Furthermore, defendant's testimony was not limited to the dates in the original indictment, but included specific testimony that he never engaged in the alleged conduct at any time or in any place. The alleged prejudice is eroded by the combined facts that his confession indicated a time frame consistent with the amended indictment and his testimonial denial encompassed such time. The fact that defendant asserted an alibi defense does not require reversal in the current case because, as noted by County Court, defendant's notice of alibi was not served until the first day of trial, many months late. Furthermore, it did not appear to be a true alibi defense, and defendant failed to call most of the alibi witnesses. Significantly, any prejudice was further reduced by County Court's decision to permit a

---

* A trial court may, in the interest of justice, "permit either party to offer evidence upon rebuttal which is not technically of a rebuttal nature but more properly a part of the offering party's original case" (CPL 260.30 [7]).

three-week adjournment to afford defendant the opportunity to prepare additional proof to address the amendment (*see People v Rogers*, 141 AD2d 870, 875; *see generally* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.70, at 518). Under the totality of the particular circumstances presented, we are not persuaded that the amendment rose to the level of prejudice requiring reversal (*see People v Pike*, 254 AD2d 727, 728; *People v Rogers, supra*).

However, a review of the sentence imposed by County Court indicates that the sentence of 2⅓ to 7 years on the conviction for sexual abuse in the first degree was to run concurrently with the sentence for the third rape conviction. Accordingly, although the issue was not raised, we find that the aggregate sentence should total 25 to 75 years, not 27⅓ to 82 years as imposed (*see* Penal Law § 70.30 [1] [a], [b]), and the judgment is modified to reflect such change.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the facts, by reducing defendant's prison sentence to a term of 25 to 75 years; and, as so modified, affirmed.