Lahtinen, J.
Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered June 17, 2002, upon a verdict convicting defendant of the crimes of rape in the third degree and attempted rape in the first degree.
Defendant allegedly engaged in sexual intercourse with a 16-year-old friend of his daughter. According to the victim’s trial testimony, she was sleeping near defendant’s daughter on the living room floor in defendant’s home when she awoke to find that her sweat pants and underwear had been removed and realized that defendant was on top of her and was penetrating her. The victim testified that she pretended to be asleep. She subsequently reported the incident to police and defendant was *806 indicted for the crimes of rape in the third degree and rape in the first degree. Following a jury trial, he was found guilty of rape in the third degree and attempted rape in the first degree. Defendant was sentenced to prison terms of lVs to 4 years for rape in the third degree and 15 years for attempted rape in the first degree. The terms were concurrent with each other and concurrent with a previously imposed sentence on another conviction. Defendant appeals.
Defendant argues that County Court committed reversible error when, following the close of proof, the court, sua sponte, constructively amended the indictment to allow the jury to consider not only the original time frame alleged in the indictment of on or about August 2000, but also to consider that the alleged crimes may have been committed in August 1999. CPL 200.70 (1) provides, in part, that “[a]t any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like.” Two significant limitations on the court’s power to grant such an amendment are, first, that the amendment must not change the prosecution’s theory as reflected by the grand jury evidence and, second, the amendment must not tend to prejudice the defendant on the merits (see CPL 200.70 [1]; People v Perez, 83 NY2d 269, 274 [1994]; People v Grimes, 301 AD2d 953, 954 [2003], lv denied 99 NY2d 654 [2003]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 200.70, at 517-518). Upon review of all the facts and circumstances revealed by the record, we find that the amendment created a real potential of prejudice to defendant on the merits requiring reversal of his judgment of conviction.
Prior to opening statements, defense counsel stated on the record that, while reviewing the Rosario material, he observed references to the existence of notes and other information indicating that the victim had lodged a rape allegation against defendant in 1999, she was interviewed several times by police regarding that allegation, and then she recanted. Defense counsel urged that the notes from that investigation were Rosario material that should have been provided to him. The People conceded that the victim had filed a complaint against defendant with the Sheriff’s Department in August 1999 and the District Attorney stated that he had requested that investigative file from the Sheriff, but was informed that it could not be located. The District Attorney further stated that Undersheriff *807 Kevin Wells, who had interviewed the victim in 1999, informed him that the August 1999 allegation involved inappropriate touching and had nothing to do with sexual intercourse. Based on these representations, County Court concluded that the investigative reports at issue were not Rosario material insofar as they did not relate to the charged crimes. County Court reiterated that the matter on trial did not relate to an incident which may have occurred in 1999 by stating that a 1999 incident “has nothing to do with this charge . . . [i]t is about this allegation, this offense, this date, this charge is what the People are required to turn over.”
At the trial, the victim testified that the events underlying the charges against defendant occurred in August 2000. Cross-examination of some of the People’s witnesses cast potential doubt on whether the alleged incident could have occurred in August 2000. Moreover, defendant presented evidence through a series of witnesses that the victim did not visit and was not welcome in defendant’s home in August 2000. For example, defendant’s daughter testified that her friendship with the victim had ended in the summer of 1999 and that the victim never visited defendant’s home in the summer of 2000.
After the proof was closed, County Court informed the attorneys that, in light of the evidence presented, the court was going to charge the jury, consistent with 1 CJI(NY) 8.01, as follows: “The indictment charges this Defendant allegedly committed the acts constituting crimes charged on or about August of 2000. Some of the testimony you have heard indicates the actual date may have been August of 1999. If you are satisfied the alleged criminal conduct did in fact occur on the earlier date, you may disregard the date set forth in the Indictment.”
Defendant strenuously objected to the proposed charge. The court, however, included the instruction in its charge to the jury.
Certainly, in some circumstances, the charge given by County Court would have been appropriate (see e.g. People v Grimes, 301 AD2d 953 [2003], supra; People v Pike, 254 AD2d 727, 728 [1998]; People v Green, 250 AD2d 143, 145-146 [1998], lv denied 93 NY2d 873 [1999]). Here, however, before the trial commenced, an issue was raised regarding events in August 1999 and the People had represented on the record that the August 1999 investigation involved an allegation of inappropriate touching and not intercourse. Moreover, there was potential Rosario material regarding the 1999 incident that was not pursued because it was viewed as a totally different incident. In light of the People’s representations regarding the August 1999 *808 incident, County Court stated that the trial dealt only with August 2000 and not August 1999. Relying upon these representations and rulings, defendant’s strategy centered on attempting to prove that the alleged incident could not have occurred in August 2000. To permit the jury to consider that the incident may have occurred in August 1999, under these circumstances, prejudiced the defense. Defendant’s conviction must therefore be reversed. The remaining arguments are academic.
Cardona, PJ., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for a new trial.