THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHANTI LITTLE, Appellant. [807 NYS2d 756]—

Appeal from a judgment of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), rendered April 30, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the fourth degree, and unlawful imprisonment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him after a jury trial of, inter alia, burglary in the first degree (Penal Law § 140.30 [3]), robbery in the first degree (§ 160.15 [3]), and robbery in the second degree (§ 160.10 [1]). Defendant failed to preserve for our review his contention that the People erred in failing to disclose *Brady* or *Rosario* material (*see People v Seavy*, 16 AD3d 1130, 1131 [2005]). In any event, that alleged error would not require reversal because defendant failed to establish that such material exists (*see People v Mellerson*, 15 AD3d 964, 965 [2005], *lv denied* 5 NY3d 791 [2005]; *People v McKinney*, 302 AD2d 993, 996, *lv denied* 100 NY2d 584 [2003]; *People v Bryant*, 298 AD2d 845, 846 [2002], *lv denied* 99 NY2d 556 [2002]). Defendant also failed to preserve for our review his contention that the identification evidence is legally insufficient as a matter of law and thus that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). That contention is without merit in any event, because the eyewitness was unwavering in her testimony that defendant was one of the perpetrators (*see People v Quinney*, 305 AD2d 1044 [2003], *lv denied* 100 NY2d 586 [2003]; *People v Spirles*, 294 AD2d 810, 810-811 [2002], *lv denied* 98 NY2d 713, 99 NY2d 540 [2002]).

We reject the contention of defendant that Supreme Court abused its discretion in precluding him from cross-examining a prosecution witness with respect to a prior bad act of sexual misconduct. "[T]he extent to which a party should be allowed to use prior convictions and bad acts to impeach the credibility of a witness is a matter that is generally left to the discretion of the trial court" (*People v Lucius*, 289 AD2d 963, 964 [2001], *lv denied* 98 NY2d 638 [2002]; *see People v Rivera*, 256 AD2d 1098, 1098-1099 [1998], *lv denied* 93 NY2d 977 [1999]). Here, there was an insufficient factual basis for that line of questioning, and the alleged incident occurred when the witness was 12 years old. In addition, the witness, who we note was not the People's central witness, had already testified to prior convictions and bad acts that concerned his credibility.

Defendant did not oppose the People's motion to amend the indictment, and thus his contentions on appeal that count five of the indictment was invalid and that the court erred in granting the motion are not preserved for our review (*see generally People v Pike*, 254 AD2d 727, 728 [1998]). In any event, the court properly granted the motion, pursuant to which the People sought to correct a typographical error. The amendment did not change the theory of the prosecution or prejudice defendant (*see* CPL 200.70 [1]; *People v Hendrix*, 292 AD2d 815, 816 [2002], *lv denied* 98 NY2d 651 [2002]; *Pike*, 254 AD2d at 728). Defendant

received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Kehoe, J.P., Martoche, Pine, Lawton and Hayes, JJ.