■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v APRIL L. WILLIAMS, Appellant. [806 NYS2d 266]—

Kane, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered October 4, 2002, upon a verdict convicting defendant of the crimes of rape in the third degree and endangering the welfare of a child.

In fall 2001, defendant, who was 27 years old, had sexual intercourse with the 15-year-old victim. At trial, a police officer testified that defendant admitted having sex with the victim in late 2001, but claimed that the victim told her he was 17 years old. Defendant's written admission was received in evidence. Her sister testified that defendant made a statement implying that she had seen the victim naked and that they engaged in sexual intercourse. The victim remembered engaging in sexual intercourse with defendant, although he was unclear about the details because he had been drinking. Inconsistencies regarding the date and details created issues of credibility for the jury to resolve (*see People v Tirado*, 19 AD3d 712, 713 [2005], *lv denied* 5 NY3d 810 [2005]). Giving due deference to those credibility determinations, and considering defendant's admission in addi-

tion to the supporting testimony, defendant's convictions for rape in the third degree and endangering the welfare of a child are not against the weight of the evidence (*see id.* at 713).

County Court did not abuse its discretion in rendering its *Sandoval* ruling. A *Sandoval* determination rests within the reviewable discretion of the trial court (*see People v Hayes,* 97 NY2d 203, 207 [2002]). The court must balance the probative value of a defendant's prior convictions affecting his or her credibility against the prejudicial effect those convictions may have by impermissibly permitting the jury to view such evidence as proof of the defendant's propensity to commit certain types of crimes or by unduly deterring the defendant from testifying. Despite this required balancing, no fixed rules exist to prohibit cross-examination solely because of the similarity between the prior acts and the charged crimes or because the defendant and victim are the only witnesses to the crime (*see id.* at 207-208; *People v Boseman,* 161 AD2d 601, 602 [1990], *lv denied* 76 NY2d 853 [1990]).

Here, County Court permitted the People to cross-examine defendant regarding the existence, and underlying facts, of a 1994 conviction for sodomy in the second degree, based on defendant performing oral sex on a 13-year-old girl; a 1998 endangering the welfare of a child conviction, based on defendant exposing her breasts to and fondling a 14-year-old boy; and a 1998 charge for endangering the welfare of a child, based on two incidents in which defendant used threats of physical force to induce a 13-year-old girl into taking off her clothes and walking naked in front of adult males. The court weighed the appropriate concerns and limited the number and type of convictions permitted on cross-examination, prohibiting questions regarding a pending charge for unlawfully dealing with a minor, a resisting arrest conviction and a possibly inflammatory conviction regarding animal cruelty. The crimes that were permitted related to defendant's repeated willingness to put her own self-interest above the interests of society. Although it certainly would have been reasonable for the court to use a *Sandoval* compromise and not permit disclosure of the underlying facts or nature of the prior convictions (*see People v Long,* 269 AD2d 694, 696 [2000], *lv denied* 94 NY2d 950 [2000]), we cannot conclude that the court abused its discretion (*see People v Hayes, supra* at 208).

County Court properly instructed the jury regarding the time frame of the incident. Defendant contends that the jury charge effected an improper amendment of the indictment because the charge permitted the jury to consider the time frame of fall

2001, which differed from the indictment's time of "on or about the last part of September 2001." The court may charge a slightly broader time frame to conform to the proof as long as the change does not compromise defendant's right to notice and the grand jury's right to determine the charges (*see People v Bigda,* 184 AD2d 993, 993 [1992]; 1 CJI[NY] 8.01, at 377). This type of charge is appropriate only when it does not change the prosecution's theory of the case and does not prejudice defendant on the merits (*see People v Grimes,* 301 AD2d 953, 954 [2003], *lv denied* 99 NY2d 654 [2003]). The proof and theory here, as well as the victim's grand jury testimony, were consistent with the incident happening in fall 2001; it apparently happened in late October, after defendant moved into her new apartment, rather than September, as the victim originally thought. The minor victim was not questioned about the incident until February 2002, making it difficult to determine an exact date. Most of the information supplied to defendant before trial indicated that the date was approximate. Defendant's own statement admitted that the incident occurred in late 2001, demonstrating that the defense was aware that it might have occurred later than September. Neither the victim's nor defendant's age changed during September or October. Proof that the incident occurred in late October did not significantly prejudice defendant on the merits despite the indictment's listed date of on or about late September; thus, the charge was appropriate (*see People v Grimes, supra; but cf. People v Plaisted,* 1 AD3d 805 [2003]).

Finally, given defendant's numerous prior convictions, the majority of which involve sexual acts against minors, and her attempts to blame the victim for this encounter, the maximum permissible sentence was appropriate.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.