■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. BRYAN, Appellant. [848 NYS2d 428]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered July 31, 2006, upon a verdict convicting defendant of the crimes of manslaughter in the second degree and driving while intoxicated (two counts).

Defendant stands convicted of manslaughter in the second degree and two counts of driving while intoxicated following a jury trial. Evidence at trial established that defendant, after a night of drinking, was driving his friend's car at a high rate of speed when the vehicle left the road and struck a tree, killing that friend, a passenger in the car. Sentenced to an aggregate prison term of 5 to 15 years, defendant now appeals. We affirm.

Defendant argues that his right to be present at all material stages of the trial was violated during a conference in County

Court's chambers immediately following his arraignment. During this conference, Judge Buckley disclosed to defense counsel and the District Attorney that he had a past acquaintanceship with decedent's family through a local youth sports league over a decade earlier and that decedent's father, presumably drawing on this past relationship and knowledge that he was a lawyer, had telephoned him at home on the morning of the accident. According to Judge Buckley, he promptly explained his current status as a judge to decedent's father and the call terminated without any substantive issues having been discussed between them.

We are unpersuaded that this conference "involved factual matters about which defendant might have peculiar knowledge that would be useful in advancing [his] or countering the People's position" (*People v Dokes*, 79 NY2d 656, 660 [1992]). In other words, his absence at this conference "[did not] have a substantial effect on his ability to defend [himself]" (*People v Velasco*, 77 NY2d 469, 472 [1991]). This being the case, defendant has failed to establish that he was denied the right to be present at a material stage of the proceeding (*see id.*; *People v Jones*, 249 AD2d 916 [1998], *lv denied* 92 NY2d 926 [1998]; *People v Spataro*, 202 AD2d 1005 [1994], *lv denied* 84 NY2d 833 [1994]).

Nor are we persuaded by defendant's pro se argument that County Court should have recused itself because of this familiarity with decedent's family. First, the argument is unpreserved for review since defense counsel never sought recusal as a result of the disclosures made during the conference (*see* CPL 470.05 [2]; *People v Bigwarfe*, 35 AD3d 904 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Rizzo*, 5 AD3d 924, 925 [2004], *lv denied* 3 NY3d 646 [2004]). In any event, none of the information imparted by the court revealed any basis for recusal (*see People v Moreno*, 70 NY2d 403 [1987]; *People v Roberts*, 6 AD3d 942 [2004], *lv denied* 3 NY3d 662 [2004]).

Defendant's contention that County Court erred in refusing to charge justification as a defense—on the theory that he was being chased by another vehicle at the time of the accident (*compare People v Maher*, 79 NY2d 978 [1992])—is also without merit since there was no reasonable view of the evidence, even when viewed in a light most favorable to him (*see People v Padgett*, 60 NY2d 142, 144 [1983]), to support such charge. No proof was offered to suggest that either defendant or decedent was involved in any type of incident or altercation which might have escalated into a car chase. To the contrary, testimony established that nothing out of the ordinary took place as the

twosome, along with a few others, left a local bar shortly before the crash. Moreover, eyewitness testimony concerning the moments leading up to the crash, as well as the crash itself, established without contradiction that no other vehicle was involved.

Defendant next argues that the People improperly usurped County Court's role during summation by giving legal instructions, particularly through the use of a slide presentation. Upon our review of the People's summation, we find that it contains an accurate recitation of the applicable law (*see People v Nash*, 273 AD2d 696 [2000]) and are unpersuaded that the People otherwise improperly usurped the court's function. With respect to the People's use of a slide presentation, this Court has not been provided with the slides shown to the jury. County Court, however, detailed the content of each slide on the record. In so doing, the court specifically noted that certain slides contained a verbatim recitation of charged and lesser included offenses. No argument is now being raised that County Court erred in its assessment of the content of any slide or that the slide presentation differed from the otherwise proper oral summation. As a final matter, we note that County Court properly instructed the jury that it was to follow the law as charged by it. Thus, even if a misstatement of law was made during the People's summation, the court's instructions were sufficient to ensure a fair trial (*see People v Barnes*, 80 NY2d 867, 868 [1992]; *People v Robinson*, 16 AD3d 768, 770 [2005], *lv denied* 4 NY3d 856 [2005]).

Finally, issues pertaining to the People's cross-examination of defendant, alleged prejudicial remarks during the People's summation and the jury's viewing of the mangled car are unpreserved for this Court's review (*see* CPL 470.05 [2]). All other issues have been considered and rejected as being without merit, particularly the arguments that the Public Defender initially assigned to represent defendant was ineffective and that County Court abused its discretion in denying a motion for an adjournment, made on the eve of trial, by defendant's newly-retained attorney.

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.