THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVIS RAGSDALE, Appellant. [889 NYS2d 681]—

The trial court providently exercised its discretion in precluding expert testimony on false confessions and as to the defendant's susceptibility to police interrogation techniques (*see People v Lee*, 96 NY2d 157, 162 [2001]; *People v Herrnkind*, 49 AD3d 555, 555 [2008]; *People v Days*, 31 AD3d 574, 575 [2006]; *People v Green*, 250 AD2d 143, 146-147 [1998]; *People v Lea*, 144 AD2d 863, 864-865 [1988]).

The defendant has not preserved for appellate review his contentions that the police detective's testimony regarding two witnesses' identification of him as the perpetrator of the charged crimes constituted improper bolstering (*see People v Bryan*, 50 AD3d 1049, 1050 [2008]; *People v Nanton*, 18 AD3d 671, 672 [2005]). In any event, the testimony did not constitute improper bolstering because it was offered for the relevant, nonhearsay purpose of establishing the reasons behind the detective's ac-

tions, and to complete the narrative of events leading to the defendant's arrest approximately 10 days after the charged crimes occurred (*see People v Mendoza,* 35 AD3d 507 [2006]; *People v Smalls,* 293 AD2d 500 [2002]).

The defendant's contention that he was deprived of his right to confront witnesses against him is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rodriguez,* 28 AD3d 496 [2006]; *People v Cato,* 22 AD3d 863 [2005]). In any event, where, as here, "the evidence was admitted not for the truth of the statement, but to show the detectives' state of mind and to demonstrate how the police investigation evolved" (*People v Leftenant,* 22 AD3d 603, 605 [2005]), there is no violation of the defendant's right of confrontation (*see People v Reynoso,* 2 NY3d 820, 821 [2004]; *People v Reyes,* 49 AD3d 565, 566 [2008]; *People v Reynolds,* 46 AD3d 845, 845 [2007]; *see also Crawford v Washington,* 541 US 36, 59 [2004]).

Contrary to the defendant's contention, the granting of a mistrial based on the prosecutor's alleged violation of the court's *Molineux* ruling (*see People v Molineux,* 168 NY 264 [1901]) would have been unwarranted as the prejudicial effect of the prosecutor's isolated and brief reference to a prior uncharged crime was not so great that it deprived him of his right to a fair trial in light of the court's prompt action in striking the prosecutor's question and issuing curative instructions to the jury (*see People v Santiago,* 52 NY2d 865, 866 [1981]; *People v Jackson,* 59 AD3d 637 [2009]; *People v Brescia,* 41 AD3d 613, 613-614 [2007]).

The defendant was not entitled to a missing witness charge (*see People v Savinon,* 100 NY2d 192, 197 [2003]; *People v Herrera,* 285 AD2d 613 [2001]; *People v Hernandez,* 235 AD2d 367 [1997]). Rivera, J.P., Fisher, Belen and Austin, JJ., concur.