■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY R. EVERSPAUGH, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Madison County (Humphreys, J.), rendered January 12, 1988, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree (two counts), sodomy in the first degree, assault in the second degree and grand larceny in the fourth degree.

On June 21, 1987, defendant and Robert Wallis, Jr. were invited into the home of Louis Rudolph. The three had drinks and ate a meal which Rudolph prepared. Defendant then became agitated, seized Rudolph and shoved him into the living room, where he fell over a coffee table and onto a couch. Defendant beat Rudolph for a period of time and, after producing a knife, threatened Rudolph and stabbed the wall over his head three times. Defendant and Wallis thereafter walked Rudolph into a bedroom at knifepoint and forced him to perform an act of oral sodomy upon Wallis. Finally, defendant took a $30 check from Rudolph's pocket, made him endorse it, and took possession of the check and some pocket change.

Following a joint trial, defendant was convicted of robbery in the first degree, two counts of robbery in the second degree, sodomy in the first degree, assault in the second degree and grand larceny in the fourth degree; he was sentenced to concurrent prison terms aggregating 10 to 20 years, and now appeals.

We affirm. Initially, County Court acted well within its discretion in denying defendant's motion for a severance *(see,* CPL 200.40 [1]). Inasmuch as every count of the indictment was predicated upon criminal conduct committed by defendant and Wallis in concert with one another, only " 'the most cogent reasons warrant a severance' " *(People v Mahboubian,* 74 NY2d 174, 183, quoting *People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905). Moreover, defendant's defense was by no means " 'antagonistic' " *(see, supra,* at 183) to that of Wallis'. In fact, in his summation, defendant's attorney adopted Wallis' version of the events as defendant's version. The mere fact that Wallis testified at trial and defendant did not provides no basis for a reversal of the judgment of conviction *(see, e.g., People v Stuckey,* 147 AD2d 724, *lv denied* 74 NY2d 669; *People v Larkin,* 135 AD2d 834, *lv denied* 71 NY2d 970).

We also reject the contention that County Court erred in admitting a section of plaster and covering wallpaper removed from the wall in Rudolph's living room at the point where defendant stabbed it with his knife. It was not necessary that the People establish a chain of custody of this evidence. Because the items were unique and any material alteration would have been readily apparent, a simple identification was sufficient *(see, People v Julian,* 41 NY2d 340, 342-343). Here, Rudolph and the investigating officer positively identified the exhibits as being the same as those removed from Rudolph's apartment and established that they were in the same condition at trial as they had been at the time of removal. Further, no prejudice resulted from the exhibition of a fingerprint card which bore reference to one of defendant's prior convictions because, upon inquiry by County Court, it was established that no juror was able to read the material on the card.

We are similarly unpersuaded by the contentions that the trial evidence was insufficient to support the conviction *(see, People v Contes,* 60 NY2d 620) or that the jury's verdict was not supported by the weight of the evidence. The detailed testimony of Rudolph, corroborated by considerable physical and testimonial evidence, provided strong evidence of defendant's guilt *(see, supra;* CPL 470.15 [5]). Wallis' contrary

testimony merely provided a credibility issue for the trier of fact. Defendant's remaining contentions have been considered and found to lack merit.

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.