■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH ROBINSON, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Eng, J.), dated March 14, 1991, which granted the defendant's motion to set aside a jury verdict rendered November 2, 1990, finding him guilty of criminal sale of a controlled substance in the third degree.

Ordered that the order is affirmed.

We find that the trial court properly granted the defendant's motion to set aside the verdict on the ground that the prosecutor's misconduct deprived him of a fair trial *(see,* CPL 330.30 [1]; *People v Clausell,* 182 AD2d 132; *cf., People v Rodriguez,* 174 AD2d 763). The defendant and a codefendant were charged with a single sale of narcotics in a so-called "buy and bust" operation. The main prosecution witness, an undercover police officer, was the sole witness to identify the defendant. The trial recessed overnight prior to completion of the

officer's direct testimony, and the court instructed him not to discuss his testimony with anyone. However, the next day, during cross-examination, the officer revealed that he had discussed his testimony with the prosecutor during the recess. The prosecutor acknowledged that she and a supervisor had "prepped" the officer during the recess regarding his direct testimony and in order to "rehabilitate him on his cross-examination". Noting that the officer's overnight review of his testimony resulted in certain alterations of his testimony the next day, the trial court concluded that this conduct had a prejudicial effect on the defendant's right of cross-examination as well as on the integrity of the trial.

In addition, the prosecutor improperly elicited testimony from a prosecution witness which bolstered the identification testimony of the undercover officer (see, *People v Trowbridge*, 305 NY 471; *People v Blue*, 155 AD2d 472) and improperly suggested during her summation that the defendant and his codefendant were "sophisticated businessmen. Undercover police officers and 'buy' money are not new to these defendants" (see, *People v Ashwal*, 39 NY2d 105, 109-110). We agree with the trial court that the defendant is entitled to a new trial in view of the cumulative effect of the prosecutor's errors. Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.