■ GLORIA M. RIVERA, Appellant, v CITY OF NEW YORK et al., Respondents. [606 NYS2d 193] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered January 27, 1992 upon a verdict, dismissing the action in its entirety, unanimously affirmed, without costs.

In an action for medical malpractice alleging, *inter alia,* misdiagnosis of the condition that led to plaintiff's cerebral aneurysm, plaintiff claims error in allowing the emergency medical services technician to testify that when he arrived at the scene, he was told by the comatose plaintiff's niece that plaintiff had used crack cocaine the night before. Similar evidence had already been admitted without objection through the testimony of several witnesses. Even if the medical technician's testimony did not qualify as a business record exception to the hearsay rule because the declarant was under no duty to provide the information *(see, Matter of Leon RR,* 48 NY2d 117, 122-123), it was not admitted for the truth of the matter asserted, but for the purpose of showing the technician's state of mind with respect to plaintiff's condition, and thus was not hearsay at all *(see, People v Salko,* 47 NY2d 230, 239). Nor was such testimony prejudicial and irrelevant evidence of past drug abuse, since, based upon expert testimony concerning the impact of cocaine use on incrementally-induced conditions such as plaintiff's, the testimony was pertinent to diagnosis and treatment *(see, e.g., Campbell v Manhattan & Bronx Surface Tr. Operating Auth.,* 81 AD2d 529). Moreover, since plaintiff's counsel both commented upon and elicited related matters, she cannot now be heard to complain. Concur—Sullivan, J. P., Rosenberger, Kupferman and Rubin, JJ.