In the Matter of ANAHYS V. and Another, Children Alleged to be Abused. JOHN V., Appellant; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [891 NYS2d 34]—

The children's out-of-court statements were corroborated by hospital records noting the older child's noticeable change in demeanor when talking about respondent; the testimony of the expert in child psychology who found that the child's disclosures were consistent with prior disclosures to others and that her narrative was spontaneous and lacked the "robotic" quality of coached children; and therapy records revealing the child's repeated declarations that respondent had abused her and her sister, and her continued anger at respondent, fear of him, and nightmares and other symptoms (*see e.g. Matter of Jaclyn P.*, 86 NY2d 875 [1995], *cert denied sub nom. Papa v Nassau County Dept. of Social Servs.*, 516 US 1093 [1996]; *Matter of Shirley C.-M.*, 59 AD3d 360 [2009]; *Matter of Keisha McL.*, 261 AD2d 341 [1999]). Although the younger child's verbal limitations and lack of detail render her statement insufficient alone to support a finding of sexual abuse, the statements of the children were cross-corroborative, given the similarity of their accounts of respondent's conduct and the older child's repeated statements that respondent had touched her sister in the same way as he had touched her (*see e.g. Matter of Nicole V.*, 71 NY2d 112, 124 [1987]).

The court properly admitted the expert's report into evidence without redacting the statements of the children's foster mother, since these statements were admitted not for their truth but to show the information on which the expert relied in forming his opinion (*see Rivera v City of New York*, 200 AD2d 379 [1994]).

Respondent's challenge to the court's denial of his request for an adjournment of the dispositional hearing is academic, as the order of disposition has expired by its own terms (*see Matter of Vincent L.*, 46 AD3d 395, 396 [2007]). In any event, respondent admittedly was not in a position to take custody of the children, and the court properly determined that he could contest the issue of visitation at the permanency hearing.

We have reviewed respondent's remaining contention and find it unavailing. Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and Abdus-Salaam, JJ.