■ The People of the State of New York, Respondent, v Janvena C. Minter, Appellant. [964 NYS2d 660]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered July 12, 2011, convicting her of grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the admission of certain testimony from a detective deprived her of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit. Contrary to the defendant's contention, the detective did not give testimony that was the equivalent of an opinion asserting that the defendant was guilty of the crimes charged in the indictment (*see People v Kozlowski*, 11

NY3d 223, 240 [2008]; *cf. People v Ciaccio*, 47 NY2d 431, 439 [1979]). Moreover, the detective did not impermissibly testify regarding the defendant's post-arrest silence (*cf. People v Conyers*, 52 NY2d 454 [1981]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.