Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered January 17, 2012, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.
*985 Ordered that the judgment is affirmed.
The Supreme Court providently exercised its discretion in making its Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]), which permitted inquiry into the defendant’s prior use of illegal steroids, and his injection of a fellow police officer with illegal steroids in 2008. This prior conduct was relevant to the defendant’s credibility because it demonstrated his willingness to further his self-interest at the expense of society (see id. at 377; People v Celleri, 29 AD3d 707, 709 [2006]; People v Blackman, 13 AD3d 640, 641-642 [2004]; People v Floyd, 143 AD2d 143 [1988]).
The defendant’s contention that the evidence was legally insufficient to establish that he acted recklessly in causing the death of the victim is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Huddleston, 101 AD3d 901 [2012]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of manslaughter in the second degree beyond a reasonable doubt (see Penal Law § 15.05 [3]; People v Licitra, 47 NY2d 554 [1979]; People v Johnson, 205 AD2d 707, 708 [1994]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).
The defendant’s contention that the prosecution elicited improper opinion testimony on the issue of recklessness which invaded the province of the jury is also unpreserved for appellate review (see People v Minter, 106 AD3d 934 [2013]) and, in any event, without merit (see People v Kozlowski, 11 NY3d 223, 240 [2008]; People v Minter, 106 AD3d at 934-935).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendant’s request to strike the testimony of a police detective who admitted that he spoke to the prosecutor during a break in his testimony (see People v Branch, 83 NY2d 663, 667 [1994]; People v Neil, 289 AD2d 611, 614-615 [2001]; People v Thanh Giap, 273 AD2d 54, 55 [2000]; cf. People v Robinson, 190 AD2d 697 [1993]).
Contrary to the defendant’s contention, the supplemental charge that the Supreme Court gave in response to the jury’s request for a definition of the “conscious disregard” component of recklessness was proper (see People v Lewie, 17 NY3d 348, 362-363 [2011]).
The defendant’s remaining contentions are without merit. Rivera, J.P, Leventhal, Hinds-Radix and Maltese, JJ., concur.