THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GRANT, Appellant. [994 NYS2d 428]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered November 10, 2008,

convicting him of murder in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that certain testimony by the detectives violated his right to confrontation (*see* CPL 470.05 [2]). In any event, the claim is without merit, as the challenged testimony was not offered for the truth of the matter asserted, but rather, to explain the actions of the police in conducting a joint investigation and the events leading up to the defendant's arrest (*see People v Reynoso*, 2 NY3d 820, 821 [2004]; *People v Rahman*, 119 AD3d 820 [2014]).

The defendant's contention that the prosecutor elicited improper opinion testimony from the detectives, thereby usurping the jury's fact-finding role, is unpreserved for appellate review (*see People v Minter*, 106 AD3d 934, 934 [2013]) and, in any event, without merit (*see People v Kozlowski*, 11 NY3d 223, 240 [2008]; *People v Minter*, 106 AD3d at 934).

The defendant failed to preserve for appellate review his present challenge to the prosecutor's summation (*see* CPL 470.05 [2]). In any event, the subject summation remarks were permissible as either fair comment on the evidence or responsive to the defendant's summation (*see People v Evans*, 116 AD3d 879, 880 [2014]).

Contrary to the defendant's contention, the Supreme Court properly excluded, as hearsay evidence, a certain statement made by one victim to the police, and of a telephone conversation between the father of another victim and an anonymous person (*see People v Hayes*, 17 NY3d 46, 53 [2011]; *People v Caviness*, 38 NY2d 227, 230 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.