■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY DIAZ, Appellant. [51 NYS3d 406]—

Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered January 30, 2015, convicting defendant, after a jury trial, of robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the seventh degree and unlawful fleeing a police officer in a motor vehicle in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.

The court providently exercised its discretion in denying defendant's request for a missing witness charge. The request, which came at a charge conference after defendant had testified and both sides had rested, was plainly untimely (see People v Gonzalez, 68 NY2d 424, 428 [1986]; People v Medina, 35 AD3d 163, 163 [1st Dept 2006], lv denied 8 NY3d 925 [2007]), and defendant's present argument that he could not have made the request earlier is without merit. The People also established that the witness was unavailable (see People v Savinon, 100 NY2d 192, 198-200 [2003]). Although the victim described this witness as a friend, he had not seen or heard from him since the incident, long before trial, and the People had no contact

information or any starting point for attempting to locate the witness.

Defendant's arguments regarding the sufficiency and weight of the evidence supporting his conviction of unlawful fleeing a police officer in a motor vehicle are unavailing. The evidence established defendant's accessorial liability for the conduct of the driver of the car in which defendant and the driver fled from the police (*see* Penal Law § 20.00). There is no basis for disturbing the jury's credibility determinations. Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ.