■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVINDRA SEWNARINE, Appellant. [66 NYS3d 244]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered December 5, 2013, convicting defendant, after a jury trial, of grand larceny in the third degree, welfare fraud in the third degree, and six counts of offering a false instrument for filing in the first degree, and sentencing him to an aggregate term of five years' probation, with $18,000 in restitution, unanimously affirmed.

Defendant's challenge to the court's purported restriction of counsel's voir dire of prospective jurors is unpreserved (*see People v Brown*, 28 NY3d 392, 409 [2016]; *People v Salley*, 25 AD3d 473, 475 [1st Dept 2006], *lv denied* 6 NY3d 838 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we find that after the court's own thorough examination, the court afforded all counsel a fair opportunity to question panelists about relevant matters (*see e.g. People v Jean*, 75 NY2d 744, 745 [1989]). Although the court asked the parties to keep their inquiries brief, the court did not impose any particular time limit on questioning, and did not improperly curtail any inquiries. Furthermore, defendant has not established any prejudice from any purported restrictions, particularly in light of the court's initial detailed inquiry. By failing to object, by making general objections, and by failing to seek further relief after objections were sustained, defendant failed to preserve any of his challenges to portions of the

prosecutor's cross-examination of defendant and summation relating to an allegation that defendant committed mortgage fraud. We decline to review these claims in the interest of justice. As an alternative holding, we find that any error, including the lack of CPL 240.43 notice of intended impeachment, was harmless in light of the court's curative actions, where applicable, and the overwhelming evidence that defendant intentionally committed Medicaid fraud (see People v Crimmins, 36 NY2d 230 [1975]).

The court properly denied as untimely defendant's request for a missing witness charge as to the enrollers who helped complete the Medicaid applications at issue. Defendant made this request at the charge conference, after all of the evidence was presented, even though defendant knew in advance of trial of the role in the case of these enrollers, and knew from the first day of trial that the People did not intend to call them (see e.g. People v Diaz, 150 AD3d 423 [1st Dept 2017], lv denied 29 NY3d 1125 [2017]). The court also correctly concluded that the enrollers, who worked for private health insurance companies and were not employed by the government, were not under the People's control for purposes of a missing witness charge (see People v Broadhead, 36 AD3d 423 [1st Dept 2007], lv denied 8 NY3d 919 [2007]; People v Vargar, 293 AD2d 359, 359 [1st Dept 2002], lv denied 98 NY2d 682 [2002]). In any event, any error in the denial of the instruction was harmless.

While answering the first jury note, the court also answered oral questions raised by the jury, in open court and without objection. Defense counsel had a full opportunity to suggest responses to the oral questions (see People v O'Rama, 78 NY2d 270, 277-278 [1991]). A second note, which is at issue on appeal, was presented to the court and merely memorialized the oral questions, as the court had requested. Although the second note was not addressed on the record, there was no mode of proceedings error exempt from preservation requirements (see People v Mack, 27 NY3d 534, 537 [2016]; People v Alcide, 21 NY3d 687, 692-693 [2013]), and we decline to review defendant's unpreserved claim in the interest of justice. To the extent that the second note may have left open the possibility that the court's responses to the oral questions did not fully address the jury's concerns, counsel was present when the court advised the jury to put the questions in a note and counsel did not object or request any further measures be taken. Concur—Tom, J.P., Renwick, Gische, Oing and Singh, JJ.