People v Wright (2018 NY Slip Op 08158)





People v Wright


2018 NY Slip Op 08158


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2015-11993
 (Ind. No. 7761/13)

[*1]The People of the State of New York, respondent,
v
Daquan Wright, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Marie John-Drigo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered November 16, 2015, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of criminal possession of a weapon in the second degree in connection with the shooting death of a 16-month-old boy who was being pushed in a stroller by his father. At a joint trial, the People presented a witness who testified that he observed the defendant hand the codefendant a gun shortly before the codefendant fired it at the boy's father. The boy was struck in the head with a bullet and subsequently died. The jury found the defendant guilty of criminal possession of a weapon in the second degree, and the codefendant guilty of murder in the second degree and criminal possession of a weapon in the second degree. The defendant appeals.
The defendant's contention that the People committed a Brady violation (see Brady v Maryland, 373 US 83) by failing to disclose that a witness had collected a $2,000 reward from Crime Stoppers prior to trial is unpreserved for appellate review because it was not raised before the trial court (see People v Fort, 146 AD3d 1017, 1019; People v Thompson, 54 AD3d 975, 975-976). In any event, the defendant's contention is without merit. The People have a duty to disclose to the defense evidence in its possession that is favorable to the accused (see Brady v Maryland, 373 US 83; People v Steadman, 82 NY2d 1, 7). The disclosure of evidence affecting credibility falls within this general rule (see Giglio v United States, 405 US 150, 154; People v Steadman, 82 NY2d at 7; People v Novoa, 70 NY2d 490, 496).
To establish a Brady violation, a defendant must show that the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature, the evidence was suppressed by the prosecution, and prejudice arose because the suppressed evidence was material (see People v Fuentes, 12 NY3d 259, 263; see also People v Garrett, 23 NY3d 878, 885). Where [*2]a defendant makes a specific request for undisclosed evidence, materiality is established if there exists a reasonable possibility that it would have changed the result of the proceedings (see People v Fuentes, 12 NY3d at 263; People v Vilardi, 76 NY2d 67, 77).
Here, there is no evidence that the prosecution was aware of the $2,000 reward at the time of the defendant's trial, as the identity of individuals providing information to, and collecting rewards from, Crime Stoppers is kept confidential. Moreover, it is clear that the witness received substantial benefits of approximately $12,000 in exchange for his cooperation in the case against the defendant and that this information was disclosed to the defendant. The defendant engaged in extensive cross-examination of the witness regarding this issue, as well as that witness's extensive criminal history, current pending charges, and inconsistent statements regarding the shooting. Under these circumstances, there is no reasonable possibility that additional cross-examination of that witness concerning the $2,000 reward would have yielded a different result and, therefore, reversal is not required on this ground (see People v Bond, 95 NY2d 840, 843; People v Sheppard, 107 AD3d 1237, 1240; People v Phillips, 55 AD3d 1145, 1149).
The defendant's contention that the Supreme Court should have granted his motion for a severance is only partially preserved for appellate review (see CPL 470.05[2]). In any event, the court providently exercised its discretion in denying the motion (see People v Mahboubian, 74 NY2d 174, 183). The charges were properly joined, as they were part of a common scheme or plan (see CPL 200.40[1][b]; People v Everspaugh, 171 AD2d 950, 951). Moreover, the proof against the defendant and the codefendant was supplied by the same eyewitness (see People v Wallace, 261 AD2d 493), and the defendant's defense was by no means "antagonistic" to that of the codefendant's (see People v Mahboubian, 74 NY2d at 186). The defendant's contention that the court failed to instruct the jury that it was not permitted to use the evidence related to the codefendant's homicide count against the defendant is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The defendant's contention that the Supreme Court erred in admitting excerpts of the sworn audiotaped statements made by two witnesses to law enforcement officials under the past recollection recorded exception to the hearsay rule is only partially preserved for appellate review (see CPL 470.05[2]). In any event, we agree with the court's determination to admit this evidence as a past recollection recorded (see People v Taylor, 80 NY2d 1, 8; People v Clemente, 84 AD3d 829, 830; People v Linton, 21 AD3d 909; cf. People v Pacheco, 38 AD3d 686).
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court