People v Moreno-Grantini (2018 NY Slip Op 08448)





People v Moreno-Grantini


2018 NY Slip Op 08448


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


7854 2283/16

[*1]The People of the State of New York, Respondent,
v
Merlin Moreno-Grantini, Defendant-Appellant.


Robert DiDio & Associates, Kew Garden (Danielle Muscatello of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ross D. Mazer of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered September 6, 2017, convicting defendant, after a jury trial, of attempted murder in the second degree and assault in the first degree, and sentencing him to an aggregate term of six years, unanimously affirmed.
Defendant's challenge to the court's purported restriction of counsel's voir dire of prospective jurors is unpreserved (see People v Sewnarine, 156 AD3d 459 [1st Dept 2017], lv denied 31 NY3d 1087 [2018]), and we decline to review it in the interest of justice. As an alternative holding, we find that after its own thorough examination, the court permitted counsel to question panelists, provided that their inquiries would be brief and avoid repetitious questions or matters of law already covered by the court, and it did not improperly curtail any inquiries (id. at 459). The record fails to demonstrate that defense counsel's decision not to ask questions on voir dire was compelled by the court, and defendant has not established any prejudice.
Defendant did not preserve his claim that the admission, as an excited utterance, of a nontestifying declarant's statements violated the Confrontation Clause (see People v Kello, 96 NY2d 740, 743-744 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we find that the statements at issue, which were made to an officer shortly after she had arrived at the scene within three minutes of receiving a report of a knife assault in progress, encountered a frantic victim with a stab wound, and was told that defendant was the perpetrator and was on the loose, were nontestimonial, because they were made to an officer whose primary purpose was to determine what had happened and to ensure the safety of other persons (see Davis v Washington, 547 US 813, 822 [2006]; People v Nieves-Andino, 9 NY3d 12, 15-16 [2007]). Regardless of whether other officers may have already arrested defendant, there is no evidence that the officer who questioned the declarant at issue was aware of that fact.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, relating to counsel's strategic choices (see People v Rivera, 71 NY2d 705, 709 [1988]), and we reject defendant's argument that the unexpanded record is sufficient to review these claims. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or had a reasonable probability of affecting the outcome of the case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK