People v Morris (2020 NY Slip Op 07399)





People v Morris


2020 NY Slip Op 07399


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-04591
 (Ind. No. 1647/16)

[*1]The People of the State of New York, respondent,
v
Teimel Morris, appellant.


Patrick Michael Megaro, Forest Hills, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Michael J. Curtis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered March 15, 2019, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Michael Aloise, J., on decision; Gregory Lasak, J., at hearing), of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree (two counts) in connection with a shooting of Edward Harris, which eventually resulted in Harris's death. The shooting occurred in front of premises located at 107-24 Union Hall Street, between 107th Avenue and 108th Avenue, in Jamaica, Queens.
At the trial, surveillance videos from a nearby deli and from a residence on Union Hall Street showed Harris and the defendant walking together along 107th Avenue, and then southbound on Union Hall Street toward 108th Avenue, before the shooting. Shortly thereafter, a lone figure is shown running northbound on Union Hall Street. Three witnesses heard the gunshots and observed the person running along Union Hall Street, and one of the witnesses observed the person carrying a gun. A police detective, who was familiar with the defendant from prior interactions, identified the defendant in the surveillance video taken from the deli. In the surveillance video, the defendant was observed wearing a dark sweatshirt with white sleeves. One of the witnesses was shown a still photograph from the video and identified the same outfit as that of the person he saw running along Union Hall Street.
Following his arrest, the defendant waived his Miranda rights (see Miranda v Arizona, 384 US 436), and agreed to speak with the police. During the videotaped interview, the defendant identified himself in the still photograph and acknowledged that he was with Harris, but stated that Harris was the victim of a drive-by shooting and that he himself ran as the vehicle approached. The defendant drew a diagram of the vehicle's route indicating that it drove southbound along Union Hall Street before making a U-turn at 108th Avenue. At trial, the People elicited testimony from the witnesses that they observed no cars at the time they heard the gunshots and saw [*2]the defendant running. The People also presented additional surveillance video indicating that, other than a vehicle belonging to one of the witnesses, no vehicle drove along Union Hall Street toward 108th Avenue between the time just before the defendant and Harris were shown walking southbound toward 108th Avenue and the time the defendant was shown running northbound toward 107th Avenue.
On appeal, the defendant contends that Judiciary Law § 21 was violated because a justice other than the one who presided at the suppression hearing rendered a decision with respect to that hearing. Judiciary Law § 21 provides that "[a] judge other than a judge of the court of appeals, or of the appellate division of the supreme court, shall not decide or take part in the decision of a question, which was argued orally in the court, when he [or she] was not present and sitting therein as a judge." Here, the record indicates that following the retirement of the justice who presided over the suppression hearing, the defendant requested that the newly assigned justice review all the evidence from the suppression hearing and thereafter issue a determination. As a result, having consented to the newly assigned justice making a determination with respect to that branch of his omnibus motion which sought suppression of identification testimony, the defendant cannot now complain about the newly assigned justice doing so (see e.g. Robinson v State of New York, 228 AD2d 52, 54-55, lv denied 89 NY2d 812).
In addition, we agree with the Supreme Court's decision to deny the defendant's application for a mistrial. The decision whether to grant a mistrial lies within the sound discretion of the trial court, which is in the best position to determine whether a mistrial is necessary to protect the defendant's right to a fair trial (see People v Ortiz, 54 NY2d 288, 292). In balancing the proper considerations, a court should consider "the availability of less drastic means of alleviating whatever prejudice may have resulted" from the error (People v Young, 48 NY2d 995, 996). Here, the court promptly struck a detective's testimony describing his duties as an intelligence field officer as including "monitor[ing] anybody that is on parole, probation" from the record and directed the jury to disregard it and gave a curative instruction, which the jury is presumed to have followed (see People v Martin, 141 AD3d 734, 736; People v Brescia, 41 AD3d 613, 613-614; People v Kirk, 12 AD3d 619, 619).
The defendant contends that the Supreme Court erred in precluding him from introducing the recording of a certain anonymous 911 emergency telephone call at trial. This contention is unpreserved for appellate review since the defendant did not object to the preclusion of that recording on the ground that it qualified as an exception to the hearsay rule as an excited utterance or a present sense impression (see CPL 470.05[2]; People v Zambrano, 114 AD2d 872, 872). In any event, this contention is without merit. "A 'spontaneous declaration or excited utterance—made contemporaneously or immediately after a startling event—which asserts the circumstances of that occasion as observed by the declarant' is an exception to the prohibition on hearsay" (People v Cummings, 31 NY3d 204, 209, quoting People v Edwards, 47 NY2d 493, 496-497). "[E]xcited utterances may be admissible because, 'as the impulsive and unreflecting responses of the declarant to the injury or other startling event, they possess a high degree of trustworthiness, and, as thus expressing the real tenor of said declarant's belief as to the facts just observed by him, may be received as testimony of those facts'" (People v Cummings, 31 NY3d at 209, quoting People v Caviness, 38 NY2d 227, 231). "'Present sense impression' declarations . . . are descriptions of events made by a person who is perceiving the event as it is unfolding" (People v Vasquez, 88 NY2d 561, 574; see People v Brown, 80 NY2d 729, 734; People v Thelismond, 180 AD3d 1076, 1078).
Contrary to the defendant's contention, the Supreme Court properly determined that the 911 call the defense sought to admit into evidence did not have any of the indicia of an excited utterance (cf. People v Thompson, 173 AD3d 1068, 1069). The defendant failed to demonstrate that the 911 call was not the product of studied reflection and deliberation. The timing of the call in connection with the happening of the shooting was not established, and the tenor of the caller's voice, which was extremely calm, failed to show that she was so excited or stressed by the incident that her ability to reflect on the incident or to deliberate about it was stilled (see People v Johnson, 1 NY3d 302, 307; People v Casiano, 148 AD3d 1044, 1046). Likewise, the declarations of the 911 caller were not admissible under the present sense impression exception to the hearsay rule since the [*3]defendant did not satisfy the element of contemporaneity (see People v Thelismond, 180 AD3d at 1078; People v Casiano, 148 AD3d at 1046; People v Parchment, 92 AD3d 699, 699).
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court