People v Montello (2021 NY Slip Op 04670)





People v Montello


2021 NY Slip Op 04670


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-02727
 (Ind. No. 2441/16)

[*1]The People of the State of New York, respondent,
v
Jason R. Montello, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan, Marion Tang, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered April 16, 2018, as amended May 30, 2018, convicting him of burglary in the first degree (two counts), burglary in the second degree (three counts), robbery in the first degree (two counts), and robbery in the second degree (two counts), upon a jury verdict, and convicting him of robbery in the second degree, upon a separate jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his convictions (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the testimony of a police detective regarding conversations with a cooperating witness did not constitute improper bolstering and inadmissible hearsay. The testimony at issue "was properly admitted for the relevant, nonhearsay purpose of establishing the reasons behind the [detective's] actions, and to complete the narrative of events leading to the defendant's arrest" (People v Prince, 128 AD3d 987, 987 [internal quotation marks omitted]; see People v Speaks, 124 AD3d 689,691, affd 28 NY3d 990; People v Grant, 122 AD3d 643, 644; People v Ragsdale, 68 AD3d 897, 897-898), and it did not constitute improper bolstering (see People v Rosario, 100 AD3d 660, 661; cf. People v Bacenet, 297 AD2d 817, 818). Furthermore, the County Court specifically instructed the jury on the limited purpose of this testimony and that the testimony was not admitted for its truth (see People v Prince, 128 AD3d at 987; People v Johnson, 40 AD3d 1011, 1012).
The defendant failed to preserve for appellate review his contention that the aforesaid [*2]detective's testimony regarding conversations with the cooperating witness violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution (see US Const Sixth Amend; Crawford v Washington, 541 US 36). The defendant did not object to the testimony on those specific grounds (see People v Speaks, 124 AD3d at 691; People v Walker, 70 AD3d 870, 871; People v Chandler, 59 AD3d 562, 563). In any event, the defendant's contention is without merit. The jury was specifically instructed not to consider the testimony for its truth, and the testimony was properly admitted for the relevant, nonhearsay purpose of "establishing the reasons behind the [detective's] actions, and to complete the narrative of events leading to the defendant's arrest" (People v Prince, 128 AD3d at 987 [internal quotation marks omitted]; see People v Speaks, 124 AD3d at 691, affd 28 NY3d 990; People v Grant, 122 AD3d at 644; People v Ragsdale, 68 AD3d at 898). Moreover, the defendant had the opportunity to cross-examine the cooperating witness, who testified at trial.
The defendant's contention that the County Court should have granted his motion for a severance is not preserved for appellate review (see CPL 470.05[2]). In any event, the charges against the defendant and the codefendant were properly joined because they were part of a common scheme or plan (see CPL 200.40[1][b]; People v Wright, 166 AD3d 1022, 1023-1024; People v Everspaugh, 171 AD2d 950, 951). Moreover, the evidence against the defendant and the codefendant was supplied by the same witness (see People v Wallace, 261 AD2d 493), and the defense asserted by the defendant and the codefendant were not in irreconcilable conflict with each other (see People v Caldwell, 150 AD3d 1021, 1022; People v Lau, 148 AD3d 932, 935).
The County Court properly denied the defendant's request for a missing witness charge as untimely (see People v Sewnarine, 156 AD3d 459). Moreover, the People established that the uncalled witness was not under their control (see People v Anderson, 180 AD3d 923, 924-925, affd 36 NY3d 1109; People v Picart, 171 AD3d 799, 800; People v Roseboro, 127 AD3d 998, 999).
The defendant failed to preserve for appellate review his contention that the County Court erred in failing to charge the jury that a witness was an accomplice as a matter of law, pursuant to CPL 60.22 (see CPL 470.05[2]). In any event, while the court should have charged the jury that the witness was an accomplice as a matter of law (see People v Chestnut, 24 AD3d 463, 464), the error was harmless because the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error affected the verdicts (see People v Crimmins, 38 NY2d 407; People v Chestnut, 24 AD3d at 464).
The defendant was provided with the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court