People v Portious (2022 NY Slip Op 00319)





People v Portious


2022 NY Slip Op 00319


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2017-08039
 (Ind. No. 5002/13)

[*1]The People of the State of New York, respondent,
v
Kirk Portious, appellant.


Patricia Pazner, New York, NY (Jenin Younes and Erica Horwitz of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered June 29, 2017, as amended July 21, 2017, convicting him of murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant was convicted, after a jury trial, of murder in the first degree and criminal possession of a weapon in the second degree, for fatally shooting the estranged husband of the codefendant Alishia Noel who, along with her paramour, the codefendant Dameon Lovell, had hired the defendant to kill the victim in exchange for a sum of money as part of a murder-for-hire/contract-killing plot. The defendant appeals. We affirm.
Contrary to the defendant's contention, his Batson challenge during jury selection (see Batson v Kentucky, 476 US 79) was properly denied. As a threshold matter, since the prosecutor offered race-neutral reasons for her peremptory challenges and the Supreme Court ruled on the ultimate issue of intentional discrimination, the preliminary issue of whether the defendant has made a prima facie showing becomes academic (see Hernandez v New York, 500 US 352, 359). Moreover, under the particular facts of this case, the court's determination that the race-neutral reasons offered by the prosecutor were not pretextual is supported by the record (see People v Ousmane, 183 AD3d 762, 762).
The defendant contends that the Supreme Court improperly excluded from evidence the recording of Noel's February 24, 2013 call to the 911 emergency number. Specifically, the defendant contends that the recording fell within either the excited utterance exception or the present sense impression exception to the hearsay rule. This contention is without merit. "A spontaneous declaration or excited utterance—made contemporaneously or immediately after a startling event—which asserts the circumstances of that occasion as observed by the declarant is an exception to the prohibition on hearsay" (People v Almonte, 33 NY3d 1083, 1084 [internal quotation marks omitted]). "[E]xcited utterances may be admissible because, 'as the impulsive and unreflecting [*2]responses of the declarant to the injury or other startling event, they possess a high degree of trustworthiness, and, as thus expressing the real tenor of said declarant's belief as to the facts just observed by him [or her], may be received as testimony of those facts'" (People v Cummings, 31 NY3d 204, 209, quoting People v Caviness, 38 NY2d 227, 231; see People v Morris, 189 AD3d 1077, 1079). "Present sense impression declarations . . . are descriptions of events made by a person who is perceiving the event as it is unfolding" (People v Morris, 189 AD3d at 1079 [internal quotation marks omitted]). Contrary to the defendant's contention, the court properly determined that the 911 call recording, which was made after the defendant shot and killed Noel's husband, did not have any of the indicia of an excited utterance (see id.). The defendant failed to demonstrate that the 911 call was not the product of studied reflection and deliberation (see id. at 1079-1080). Likewise, the declarations made by Noel during the 911 call were not admissible under the present sense impression exception to the hearsay rule since the defendant did not satisfy the element of contemporaneity (see People v Crudup, 197 AD3d 656; People v Morris, 189 AD3d at 1080). The defendant's further contention that the exclusion of the 911 call recording violated his right under the Sixth Amendment to the United States Constitution to present a defense is unpreserved for appellate review and, in any event, without merit.
The defendant further contends that the Supreme Court erred by failing to submit a jury instruction for an accomplice as a matter of law pursuant to CPL 60.22 with respect to Lovell, who testified against the defendant at trial pursuant to a cooperation agreement with the People. This contention is unpreserved for appellate review because the defendant did not request an accomplice corroboration jury instruction pursuant to CPL 60.22, and he did not object to the final charge as given for failing to include the instruction (see CPL 470.05[2]; People v Darby, 196 AD3d 643). In any event, while the court should have instructed the jury that the subject witness was an accomplice as a matter of law (see CPL 60.22; People v Montello, 197 AD3d 575), the error was harmless because the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error affected the verdict (see People v Crimmins, 38 NY2d 407; People v Montello, 197 AD3d 575). The defendant failed to establish the absence of a strategic reason for defense counsel not requesting an accomplice charge pursuant to CPL 60.22 and, therefore, contrary to the defendant's contention, defense counsel was not ineffective in failing to request one (see People v Thorpe, 141 AD3d 927; People v Anderson, 120 AD3d 1549).
The defendant's contention that the Supreme Court failed to provide a meaningful response to a jury note concerning the justification defense is unpreserved for appellate review (see People v Meyers, 33 NY3d 1018, 1022; People v Morrison, 32 NY3d 951, 952; People v Mack, 27 NY3d 534, 537). In any event, the court's response to the jury note at issue was meaningful (see People v Malloy, 55 NY2d 296, 301-302; People v Pardo, 175 AD3d 1434, 1435; People v Bodie, 131 AD3d 481, 482). The defendant's contention, raised in his pro se supplemental brief, that in addressing the subject jury note and several others, the court failed to comply with the procedure set forth by the Court of Appeals in People v O'Rama (78 NY2d 270, 277-278) is without merit. Contrary to the defendant's further contention, defense counsel cannot be deemed ineffective for failing to raise objections related to how the court addressed the subject jury notes, as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (People v Benjamin, 188 AD3d 715, 716 [internal quotation marks omitted]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention, raised in his pro se supplemental brief, is unpreserved for appellate review and, in any event, without merit.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court