People v Noel (2022 NY Slip Op 04647)

People v Noel

2022 NY Slip Op 04647

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2017-08239
 (Ind. No. 9735/15)

[*1]The People of the State of New York, respondent,
v
Alishia Noel, appellant.

Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (David Crow, Michelle Fox, and Paul, Weiss, Rifkind, Wharton & Garrison, LLP [Daniel J. Kramer, Erin J. Morgan, Katherine S. Broeksmit, Meaghan E. Brennan, and Jacob Humerick], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Andrew S. Durham of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered June 29, 2017, convicting her of murder in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant was indicted on various crimes relating to two separate incidents in which someone shot at her estranged husband (hereinafter the husband). In the second incident, the husband was killed. The People's evidence at trial consisted primarily of the testimony of the defendant's paramour, the codefendant Dameon Lovell. Lovell testified that the defendant solicited his help to kill her husband, and that they hired an individual who made an unsuccessful attempt on February 6, 2013, shooting at, but missing, the husband. Lovell further testified that they then hired the codefendant Kirk Portious, who shot and killed the husband on February 24, 2013.
The defendant and Portious were tried together before separate juries. Lovell testified against them as part of a cooperation agreement in which he was allowed to enter a plea of guilty to murder in the second degree in exchange for a promised indeterminate sentence of 15 years to life imprisonment. The jury convicted the defendant of murder in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, and she was sentenced on the top count to an indeterminate term of life imprisonment without the possibility of parole. Portious was convicted of murder in the first degree and criminal possession of a weapon in the second degree, and also was sentenced on the top count to an indeterminate term of life imprisonment without the possibility of parole (see People v Portious, 201 AD3d 820). The defendant appeals.
We agree with the defendant that reversal is required because the Supreme Court [*2]failed to charge the jury that Lovell was an accomplice as a matter of law. Although this issue is unpreserved for appellate review (see CPL 470.05[2]; People v Portious, 201 AD3d at 821), we reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Powell, 165 AD3d 842, 843).
It is not disputed that Lovell was an accomplice as a matter of law, as, by his own admission, he participated in the offenses charged (see CPL 60.22[2][a]; People v Sage, 23 NY3d 16, 23-24; People v Portious, 201 AD3d at 821). "Testimony of such a witness, marked by obvious self-interest, carries the potential for falsification to avoid prosecution" (People v Sage, 23 NY3d at 23; see People v Sweet, 78 NY2d 263, 267). Thus, a defendant "may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense" (CPL 60.22[1]). Where a witness is an accomplice as a matter of law, "the court must instruct the jury that the witness is an accomplice and subject to the statutory corroboration requirement" (People v Sage, 23 NY3d at 23; see People v Montello, 197 AD3d 575, 577).
Here, the Supreme Court failed to instruct the jury that Lovell was an accomplice and subject to the statutory corroboration requirement. Although the court was "under a duty to charge . . . even without a request from the defendant (People v Strawder, 124 AD2d 758, 759; see CPL 300.10[2]; People v Sage, 23 NY3d at 23; People v Montello, 197 AD3d 575, 577), the rule of preservation requires that defense counsel object to the court's failure in order to preserve a question of law for appellate review (see CPL 470.05[2]; People v Portious, 201 AD3d 820, 821; People v Montello, 197 AD3d at 577; People v Adderly, 176 AD3d 728, 729; People v Gedeon, 162 AD3d 1065, 1067). Notwithstanding defense counsel's failure to object at trial, under the circumstances of this case, we reach the unpreserved error in the interest of justice and find that the failure to properly instruct the jury constituted reversible error (see People v Sage, 23 NY3d at 25). Unlike the evidence against Portious, the evidence of the defendant's guilt, which consisted principally of Lovell's testimony, was not overwhelming (see People v Crimmins, 36 NY2d 230, 241-242). Considering the severe penalty imposed upon the defendant and Portious, which Lovell potentially would have faced in the absence of a cooperation agreement, the jury could have found Lovell "less than truthful about his . . . own involvement" and that he "aggrandize[d] the criminal conduct of [the defendant]" in an effort to avoid a conviction of murder in the first degree and the severe sentence it carries (People v Sage, 23 NY3d at 26). Although the People presented some corroborative evidence, if the jury had discounted Lovell's testimony and determined that he was not credible, the remaining evidence would have been insufficient to find the defendant guilty beyond a reasonable doubt (see id. at 27; People v Douglas, 160 AD3d 436). Since the proof of the defendant's guilt was not overwhelming, the failure to properly charge the defendant cannot be considered harmless and reversal is required (see People v Crimmins, 36 NY2d at 241).
We also agree with the defendant that the Supreme Court erred in admitting, as an adoptive admission by silence, testimony from the defendant's mother-in-law concerning a telephone conversation in which the defendant allegedly remained silent when the mother-in-law accused her of having killed the husband. Generally, "[a]n adoptive admission occurs 'when a party acknowledges and assents to something already uttered by another person, which thus becomes effectively the party's own admission'" (People v Vining, 28 NY3d 686, 690, quoting People v Campney, 94 NY2d 307, 311 [emphasis and internal quotation marks omitted]). "Assent can be manifested by silence, because a party's silence in the face of an accusation, under circumstances that would prompt a reasonable person to protest, is generally considered an admission" (People v Vining, 28 NY3d at 690 [alterations and internal quotation marks omitted]). "When an adoptive admission involves defendant's acquiescence by silence, . . . '[t]here are circumstances in which the declarations of persons made in the presence of an accused are competent; but they are regarded as dangerous and should not be admitted unless the evidence clearly brings them within the rule'" (People v Campney, 94 NY2d at 313, quoting People v Conrow, 200 NY 356, 367). "To use a defendant's silence or evasive response as evidence against the defendant, the People must demonstrate that the defendant heard and understood the assertion, and reasonably would have been expected to deny it" (People v Vining, 28 NY3d at 691). Here, the People failed to establish that the defendant actually heard the mother-in-law's accusations or that the defendant had an opportunity [*3]to respond to the accusations prior to the mother-in-law disconnecting the phone call. Therefore, the court should not have admitted the evidence.
In light of our determination, we do not reach the defendant's contentions that her trial counsel was ineffective for failing to request an accomplice witness charge, that she was deprived of a fair trial by being tried jointly with the codefendant Portious, and that the sentence imposed was unduly harsh or severe.
The defendant's remaining contentions are without merit
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court