Cristini v Feldman (2025 NY Slip Op 51122(U))

[*1]

Cristini v Feldman

2025 NY Slip Op 51122(U)

Decided on July 20, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 20, 2025
Supreme Court, Kings County

Justine Cristini, Plaintiff,

against
Andrew Feldman, et al., Defendants.

Index No. 505877/2019

Gurfein Douglas, LLP, New York City (Daniel Leav of counsel), for plaintiff.
Marulli, Mannarino & Erichsen, LLP, New York City (Gerard J. Marulli & Samuel A. Messa of counsel), for defendants.

Aaron D. Maslow, J.

Background
Plaintiff Justine Cristini commenced this action sounding in medical malpractice to recover damages for injuries she alleges were sustained as a result of right shoulder surgery performed by Defendant Dr. Andrew Feldman on August 18, 2017, at NYU Langone Hospital. Dr. Feldman's practice, University Place Orthopedics, is also a named Defendant (both collectively, "Defendants"). Other named Defendants are no longer in the case. Plaintiff claims that Defendant Feldman departed from accepted standards of medical care during the procedure, resulting in nerve damage to her right shoulder, arm, hand and fingers. The evidence adduced by Plaintiff at trial demonstrated that during the right shoulder surgery, Defendant Feldman sutured through or around the radial and median nerves. This, according to Plaintiff, established the proximate cause of her numbness and tingling in various right hand fingers; this condition exists to the present day, testified Plaintiff herself.
During direct examination of Plaintiff on July 15, 2925, two questions were posed which elicited responses objected to by Defendants' counsel on hearsay grounds. Following the question, "And after the visit with Dr. Hutchinson, what was your understanding of what the [*2]situation was, if you had one?" Plaintiff responded, "So he examined my hand and told me" (Tr at 177). The Court's overruling allowed the Plaintiff to then testify that the neurologist, Dr. Michael Hutchinson, told her that her hand condition was comparable to Saturday night palsy [FN1]
, after which she returned to Defendant Feldman for a third time. A second hearsay objection arose when Plaintiff was asked, "I don't want to know what he said. I only want to know what your understanding of what was going on with your condition was, okay," to which Plaintiff replied, "that the recommendation from him was to" (id. at 183). After the objection was overruled, Plaintiff testified that Dr. Steve Lee [FN2]
"referred [her] via letter" to get carpal tunnel surgery in the event the symptoms she was experiencing were from nerves trapped in her wrist (id. at 184). Plaintiff proceeded to have a third surgery — an endoscopic carpal tunnel release (see id. at 112).
Following a brief recess, where the jury exited the courtroom, counsel for Defendants placed a record his arguments about the hearsay statements. Defendants argued that although the Court instructed the jury the statements are not admitted for the truth of the matter asserted, it is "irrelevant" because "[the jury] hear[s] it" (Tr at 189). Defendant contended that hearsay statements are inadmissible because the individual being quoted cannot be subjected to cross-examination, and there is no reliable means of determining the state of mind of the doctors to whom Plaintiff referred.
Although the Court explained on the record its reasoning for allowing the statements to stand with an instruction to the jury not to consider them for the truth of the statements but for the fact that they were made, it wishes to elaborate on it.
Hearsay is an out of court statement offered to prove the truth of the matter asserted in the statement (see People v Patterson, 28 NY3d 544 [2016]; see also Stern v Waldbaum, Inc., 234 AD2d 534 [2d Dept 1996]). When an out-of-court statement is not offered for the truth of the matter asserted, it is not hearsay and may be admissible (see Provenzo v Sam, 23 NY2d 256 [1968]; see also Stern, 234 AD2d 534). It is within the trial court's discretion to determine whether evidence is hearsay and, if so, whether the evidence is admissible under an exception to the hearsay rule (see Matter of State of New York v John S., 23 NY3d 326 [2014]; see also People v John, 27 NY3d 294 [2016]; People v Carroll, 95 NY2d 375 [2000]; Rodriguez v Triborough Bridge & Tunnel Auth., 276 AD2d 769 [2d Dept 2000]; People v Shah, 58 Misc 3d 95 [App T 2d, 9th & 10th Dists 2018]).
Here, Plaintiff's testimony regarding what she was told by Dr. Hutchinson and Dr. Lee [*3]was not offered for the truth of the matters asserted, but rather to explain her decision to return to Defendant Feldman for a third consultation and to undergo carpal tunnel surgery. As the Court of Appeals and multiple Appellate Divisions have recognized, out-of-court statements introduced to show their effect on the witness's state of mind or to provide context for subsequent conduct do not constitute hearsay (see People v Tosca, 98 NY2d 660 [2002]; see also People v Montello, 197 AD3d 575 [2d Dept 2021]; People v Andrade, 87 AD3d 160 [1st Dept 2011]). Similar to the police officers' testimony in Tosca and Montello, which were admitted to explain why and how the police apprehended the defendant, the statements here explain why Plaintiff returned to Defendant Feldman and chose to pursue carpal tunnel surgery.
Likewise, in People v McLaurin (187 AD3d 609 [1st Dept 2020]) and People v Jenkins (302 AD2d 247 [1st Dept 2003]), statements by third parties were properly admitted to complete the narrative of events and explain the actions taken by a police officer or the victim afterwards. Here, Plaintiff's testimony regarding what she understood from her doctors is relevant for the same purpose: to provide the jury with a complete account of the facts that led to her continued treatment. Further, as in Piehnik v Graff (158 AD2d 863 [3d Dept 1990]), where the Third Department held that statements advising the plaintiff about potential complications were not relevant for their truth but to show the plaintiff's reasoning in declining surgery, Plaintiff's testimony here demonstrates the connection between her understanding of her condition and her subsequent medical decisions. In Rivera v City of New York (200 AD2d 379 [1st Dept 1994]), the First Department found testimony by an emergency medical technician repeating the comatose plaintiff's niece's statement about the plaintiff's prior drug use was similarly admissible as it was used to show a medical technician's state of mind in assessing a patient's condition. Like the statements in Rivera, the statements here were not admitted for their truth but solely to provide background regarding Plaintiff's treatment path. 
While it is correct, as Defendant asserts, that hearsay evidence is generally excluded to prevent the introduction of an out-of-court statement by a witness who is not called and not subject to cross-examination, this principle is misplaced here (cf. People v John, 27 NY3d 294 [2016]; People v Settles, 46 NY2d 154 [1978]). Plaintiff's statements regarding what the doctors communicated were not offered for the truth of the matters asserted but rather to demonstrate the course of action Plaintiff subsequently took. In the first instance, Plaintiff's understanding led her to return to Defendant Feldman for a third consultation; in the second, it resulted in her undergoing carpal tunnel surgery.
Accordingly, consistent with established precedent, the testimony at issue did not constitute inadmissible hearsay. Instead, it was admissible to establish just what was said and to complete the narrative to allow the jury to understand the context for Plaintiff's further medical treatment.
Accordingly, the Court adheres to its determinations.

Footnotes

Footnote 1:Saturday night palsy is a colloquial term used synonymously with radial nerve compression (see Robert J. Spinner, Michael B. Poliakoff, and Robert L. Tiel, The origin of "Saturday night palsy"? Neurosurgery, 2002 Sep;51(3):737-41, available at 
https://pubmed.ncbi.nlm.nih.gov/12188953/ [last accessed July 20, 2025]).

Footnote 2:Dr. Lee performed Plaintiff's second surgery, whereby Dr. Lee explored Plaintiff's brachial plexus and performed a neuroplasty of the median and radial nerves (see Tr at 105).